OPINION of the Court, by
Judge Boyle.
— The appellant, who was plaintiff in the court below, having *511 served the tenants in possession with a declaration in ejectment, they appeared, and were made defendants upon entering into the common rule of confessing lease, entry and ouster, and agreeing to insist upon the title only at the trial. At a subsequent term, they moved the court to model the common rule of confessing lease, entry and ouster, which had been entered, so that they might, on the trial, be permitted to avail themselves of the want of an actual ouster of the plaintiff. This motion, as well as the whole merits on an agreed case, was, by consent of the parties, submitted to the judgment of the court. The case agreed is to the following effect: “ On the 14th of August, 1786, two grants of land, one for a settlement of 400 acres, and the other for a preemption of 1000 acres, were made by the commonwealth of Virginia to Thomas Johnson and Henry Garrett. On the 17th of February, 1787, 600 acres of the preemption by metes and bounds were conveyed to George Caldwell, by a deed, executed by Johnson in person, and by him as attorney in fact for Garrett. Johnson, by a deed, executed on the 20th of June, 1787, conveyed to Joseph Davis 800 acres, via. the settlement of 400 acres, describing it by metes and bounds, and also 400 acres, more or less, the balance of the pre-emption. Joseph Davis, who has departed this life, by his will, devised the 800 acres to William Davis, the plaintiff in the action. The defendants claim under a deed executed by Garrett and the representative of Johnson, bearing date the 4th of April, 1797, purporting to be a conveyance of 2800 acres, including the settlement and pre-emption before mentioned. It was also agreed, that there had been no actual expulsion of the plaintiff from the premises. On this case, a judgment was given by the circuit court for the plaintiff for an undivided hundred acres; from which he has prosecuted this appeal.
Where defendants enter into the commora rule and confefs leafe, entry and. oufters actual wfter is not ne-ceflary to be proved by the plaintiff.
In ejectment by one tenant in common a-gainft the other, where the title is not difputed, the defendant will not be compelled to confefs cujfer9 or may beper-mitted to do ⅛ fpeeÍ3líy.
Plaintiff is not bound to prove his title exactly as laid s ihall recover according to the title he makes cut where he demands more than he has title to.
But if he demands lefst he cannot recoves mors than he demands*.
The first and main question presenting itself to the consideration of the court, is as to the extent of the plaintiff’s right to the land in controversy. The solution of this question depends essentially upon the interest which Johnson held in the 800 acres, sold to Joseph Davis, at the time of the conveyance. He then transferred to Davis whatever right he possessed ; nor could that right be divested err curtailed by any subsequent act *512 0f Johnson alone^ or of Johnson and Garrett conjointly, is evident, therefore, that the deed under which the defendants claim can in no respect affect the right of the plaintiff. His right and the power of Johnson to convey being coextensive, to ascertain the extent of the latter will fix the limits of the former. By the grant from the commonwealth, Johnson had a right to convey an undivided moiety.
The only act which he had done previous to the sale to Davis hy which his right could he diminished, was the execution of the deed to Caldwell for 600 acres. Had this deed been executed by Johnson alone, and had purported to be a conveyance in severalty of the whole six hundred acres, yet it could in its effect have operated only as a transfer of an undivided moiety. If we suppose a conveyance irom Johnson of the whole 1400 acres, though he might have made himselt responsible by warranty, or by fraud in concealing the extent of his right, yet not a doubt can be entertained that an undivided moiety, and not the whole, would have passed by such a conveyance, (a) Johnson’s right, however, was the same in the whole that it was in any part; and he could not> '¥⅛0111: the previous consent of Garrett, create in hirnself, hy his own act, an estate in severalty in any part, anj vest that estate in another, any more than he could convey the whole. But tlie operation of the deed to Caldwell, isnoilefttoconsiruction. It is executed by John-soa ja person, and by him as attorney in fact for Garrett. purports to convey on the part of Johnson his right only ; and though, for want of a proper power of attorney, it may be ineffective to pass the right of Garrett, yet such a defect of the .conveyance on the part of Garrett, cannot operate to transfer, on the part of Johnson, more than Johnson could rightfully convey, or than he has in fact pretended to convey. It follows, therefore, that at the time of the sale to Davis, Johnson possessed the right to an undivided moiety of all the residue of the settlement and pre-emption not within the boundaries of the conveyance to Caldwell; and that he has in fact conveyed the same to Joseph Davis, the right whereof is now vested by devise in the plaintiff.
But to the recovery of the plaintiff in this action, two objections are taken : 1st. that there was no actual ouster of the plaintiff from the premises 5 2d. that there *513 ⅛ a variance between the title set out in the declaration and the title proved ; the former being for the whole in severalty, and the latter for an undivided moiety only.
Upon the first objection, we do not think it necessary to determine whether, if the case had been such that the defendants would not have been compelled, in entering into the common rule, to have confessed ouster, they might, at a subsequent term, have so modified the rule that the plaintiff would have been put upon the proof of an actual ouster ; because we are clearly of opinion that this is not a case in which they would have been, at the time of entering into the rule, entitled to such a modification. In an ejectment by one tenant in common against another, if the title be not disputed, or if the only ouster be by pernancy of the profits, without any actual obstruction to occupy, the defendants will not be compelled to confess, or will be permitted to do it specially — Bul. N. P. 109, Esp. 451. But where, as in this case, the title is disputed, the defendant will be compelled to confess lease, entry and ouster; and in such case it is not necessary for the plaintiff te prove an actual ouster or expulsion from the premises — 3 Burr* 1897, and the cases there cited.
The second objection at first view appeared to be entitled to some weight, but on examination the whole current of authorities were found to be against it. In Esp. 490, it is laid down, that in ejectment the plaintiff shall always re caver according to the title he makes out, although not exactly as stated in the declaration. Where the plaintiff had a title for but five years and declared for seven, he recovered, notwithstanding, according to his title — Bul. N. P. 106, Esp. 447: so if he declares for any thing and proves a title to but a moiety, he shall recover so much as he proves- — Esp. 447, and the authorities there cited. The case of Burges vs. Purvis, 1 Burr. 326, is in point. The plaintiff brought her action in ejectment for a moiety of gavel-kind lands as coheir, upon a supposition that there was but another coheir ; but on the trial it appeared that there was a third person, who, by the custom of gavelkind, was entitled as coheir. It was ruled by the court that the plaintiff, on her declaration for a moiety of the lands, could recover one third part. In giving the opinion in that case, the court relied upon the case of Ablett vs. *514 Skinner, 1 Siderf. 229, as in point. In the case report» ed by Siderf. the declaration was for a fourth part of a fifth part, and the lessor’s true title was only to one third of one fourth of a fifth part, which was only a third part of what was demanded ; yet it was resolved that the verdict should be taken according to the title.
The general rule is, that the plaintiff cannot recover a greater quantity or interest than he declares for, but he may recover less.
Upon the whole, we are of opinion, that the plaintiff is entitled to recover from the defendants an undivided moiety of the land described in the deed of conveyance from Thomas Johnson to Joseph Davis, and that the judgment of the circuit court for an undivided hundred acres only is erroneous.--Judgment reversed.

 Wrongful aSenations of IT void to'far as they are wrongful — See Setiion afts of Ving'a. 1785, chap. 67, p. 55-Acts of Kentucky 2 Litt. p.39.