Judge Burnet’s
dissenting opinion:
As I have not been able to join in the opinion expressed by a majority of the court in this case, I will present, as concisely as possible, the view I have taken of the subject.
The defendant is in possession of a tract of land containing one hundred and fifty-six acres, which was the property of his former wife, who died intestate, without having had issue, leaving eight brothers and sisters her heirs at law. The defendant has since intermarried with a surviving sister, being one of the heirs of his former wife.
By order of the court of common pleas, the land (one hundred and fifty-six acres) was partitioned among the heirs, and one-eighth part was assigned to each by metes and bounds, after which the lessor purchased the tracts set apart to three of the heirs, and received separate deeds of conveyance therefor, by *metes and bounds. Shortly after, a writ of error was brought, on which the order was reversed, and the partition set aside. Pending the writ of error the present ejectment was brought.
The declaration contained several demises, and, among others, three separate ones from the three heirs, from whom the lessor of the plaintiff had purchased. At the trial the plaintiff claimed to recover an undivided eighth part of each of the three tracts described in his deeds, and also three undivided eighth parts of the residue of the entire tract.
The former he claimed to recover on his own title as tenant in common — the latter on the title of the three heirs from whom the demises were laid, who claimed severally, as coparceners, one undivided eighth part of all the land not included within the respective deeds to the lessor.
The judges who tried the cause were of opinion that those claims could not be united and recovered in the same action, because they are distinct and unconnected. There is no privity interest, or title, between the lessor and those heirs. Their claims are to different portions of the tract, and rest on different rights, and the plaintiff can not be allowed to try several titles on one issue. Law of Ejectment, 86.
On the intimation of this opinion, it was agreed that the demises from the heirs should be stricken out, and the claim of the plaintiff'be confined to the right of which he might avail himself, under his deeds, as to which, the points disputed were reserved *106 for consideration at the special session in the form of an agreed case. «
Two questions have been discussed : 1. Whether a plaintiff in ejectment can recover an undivided part of the premises described in his deeds, having declared for the whole. 2. Whether a parcener can convey, by metes and bounds, any part of the land held in parcenary, previous to a partition.
' The first point admits of no doubt. In the case of Burgess’ Lessee v. Purvis, 1 Burr. 326, the lessor of the plaintiff claimed and declared for an undivided moiety. 'On the trial, it turned out that she was entitled to an undivided third. A verdict was taken subject to the opinion *of the court. On this point, the court decided unanimously that the plaintiff must recover according to title. That she appeared entitled to a third, and that so much she ought to recover. In Guy v. Rand, Cro. Eliz. 13, the declaration was for one hundred acres ; the plaintiff showed title to, and recovered forty acres. And it appears to be settled, that if a person declares for an entire tract, and'proves title to a moiety only, he shall recover so much. 2 Roll. Abr. 734; 2 Lev. 434; 2 Bibb, 350; Bul. N. P. 109.
The second question, on which I am so unfortunate as to differ from the rest of the court, is attended with more difficulty. I do not recollect to have seen many cases in which it came up. One has been cited in the Court of Appeals of Kentucky, which will be noticed hereafter.
It is not pretended that the plaintiff is entitled to more than an undivided eighth of the land within the boundaries of his several deeds; and as he holds by purchase from a coparcener, he must claim to hold as tenant in common.
The unities of interest and title, appertaining to estates in parcenary, may be destroyed by one of the tenants, and the estate reduced to a tenancy in common; but the unity of possession, which can not be affected by the act of a single parcener, will remain. It therefore becomes a question, whether an attempt to convey in such form as would necessarily destroy that unity, is not a perfect nullity.
As neither tenant can tell, certainly, which part of the premises will bo assigned to him on a partition, it would seem that neither can convey a specific portion of it. Such a conveyance would operate to destroy the unity of possession, as it would vest *107 in the grantee an estate in severalty ; and the effect appears to be the same, whether the deed be considered as conveying to the purchaser the entire estate in the part designated, or an undivided interest in it; for in either case the possession is severed, and its unity broken. The possession of each tenant must be considered as extending to the whole premises, and to every part of it. But after such deeds as those now before us have taken effect, each of the grantors parts with the possession of so much of the land as lies within the limits of his deed, and retains his possession in so much as lies without those limits, and *the grantee acquires the possession relinquished by the grantors, while the other parceners retain a possession extending to the whole premises. In other words, the heirs who have conveyed, retain a possession of so much of the land as lies without the boundaries given in their respective deeds, the lessor of the plaintiff acquires distinct rights of possession in each of the three tracts specifically conveyed to him, and the remaining five heirs (including the defendant, who holds in right of his wife) have possession in the whole tract, and every part of it. From this view of the case, it appears that whether the deeds to the plaintiff be viewed as conveying the entire estate within their boundaries, or an undivided eighth of it, they destroy the unity of possession that existed at the death of the ancestor.
It can not be contended that these deeds convey any interest beyond their limits, so as to extend a right of possession to the whole tract. Whatever of rights they pass, must be restricted to the limits they prescribe. There is, therefore, no escape from this difficulty. Had the deed in question conveyed the entire interest of the grantors in the whole tract, or any proportionate part of that entire interest, this objection would not have existed. Such conveyances, while they destroyed the unities of interest and title, and changed the estate to a tenancy in common, could not have affected the unity of possession, which is inseparable from such a tenancy, and without which it can not exist. The question, therefore, recurs, is not the unity of possession destroyed by the operation that must be given to these deeds, in order to entitle the plaintiff to recover ?
It is not claimed that he can recover more than one undivided eighth in each of the three tracts conveyed, nor will it be pretended that a recovery can vest him with any right in the residue *108 of the tract. There will, then, be no community of possession be tween him and his grantors, as to any part of the premises; nor between him and the other tenants as to the land without the limits of' the deeds; nor between the grantors and their co-heirs as to the land within those limits. The existence of these facts seems to be inconsistent with the existence of a unity of possession.
*1 do not discover how it is possible to give any efficacy to these deeds, without deciding that parceners may exercise a greater dominion over the estate than the law has vested in them. It appears to be settled, that the unity of possession can only be dissolved in one of two ways ; either by such conveyances, or transfers of right, as vest the entire interest in a single tenant, which requires the consent and co-operation of every tenant, or by partition. Neither of these expedients has been resorted to.
If a parcener can convey his undivided interest in a specified portion of the entire tract, he may locate a part of his claim on a particular spot, from which it can not afterward be removed, whereby the rights of the other tenants would be restricted, so that neither of them could, by any possibility, have that part set off to him on a subsequent partition. This must be the effect of every conveyance that vests in the grantee a right to the whole, or to an undivided part of any particular located portion of the entire estate. Such a deed, by excluding the co-tenants from the possibility of obtaining, by partition, the part conveyed, would materially abridge their rights.
If a parcener can not do an act that would destroy the unity of possession, it would seem to follow, that he can not do an act that would materially change the mode in which that unity exists. On the death of the sister, from whom the estate descended, the surviving brothers and sisters inherited, each an undivided eighth of the entire tract, and the possession of each extended throughout the whole; but if these deeds received the sanction of the court, this unity of possession, extending originally throughout the whole estate, is interrupted and broken; several unities will be created, as distinct and unconnected with each other as if the property had descended from four different ancestors. The lessor of the plaintiff will become a tenant in common with the heirs who have not joined in these deeds, in the land conveyed by the deeds; and the grantors will remain coparceners with those heirs in the premises *109 not so conveyed, which is a change of tenure that I am inclined to believe can not be produced by a part of the tenants, without the consent and concurrence of the whole.
*There are many eases in which a deed will operate to convey less than it purports to convey, but this takes place when the grantor has power to convey that which passes by the deed; as, if a tenant in common execute and deliver a deed for the entire estate, his undivided interest will pass, because he has power to convey that interest. The deed is sufficient to cover it; he does not change the tenure by which he holds. The whole operation of the deed is within the scope of his power, and there is nothing resulting from it inconsistent with the rights of his co-tenants, or the established rules of law. But I can not admit that cases of this description can be resorted to, to sustain a deed, which can not operate in any form without transcending the power of the grantor, and restricting the vested rights of third persons. It appears to me to be unnecessary to vest parceners with the power which has been exercised in this case. If they are permitted to convey their entire interest, or any undivided portion of it, in the form in which it exists, it is sufficient for every necessary or useful purpose. This they may do, without injury to others; but whenever they attempt, by their own acts, to effect a partition, in whole or in part, they exceed their power, and their deeds ought to be treated as nullities. There seems to be some analogy between these deeds, and alienation by particular tenants, who attempt to convey greater estates than the law allows. If tenant for life aliens by feoffment in fee, he attempts to do what is beyond his power, and inconsistent with the nature of his interest, and he thereby forfeits his own particular estate. If tenant in tail aliens in fee, although this is not a forfeiture, it is a discontinuance. In neither of these cases can the alienee take this estate, and although various reasons are given for this rule, the most satisfactory are, that it is an attempt to go beyond their power, and is inconsistent with the nature of their interest. These reasons exist, and apply with considerable force in the present case, and although it is not pretended that these grantors have incurred any forfeiture, yet the reason of the law, as stated above, may be urged as a reason why the grantee should take nothing by his deeds.
It seems to be proper, on a question like this, to look to *the consequences that may follow. If two persons should purchase a *110 tract of land, as tenants in common, with a view of dividing it into two convenient farms, either of them may, under the decision of the court, lay it off into.lots of ten acres, and sell his undivided moiety in all of them, to different purchasers, by which his co-tenant, instead of a convenient farm, would find himself the proprietor of a large number of disconnected five-acre lots. Such a procedure could not be resisted, nor the consequences prevented , for, if the grants be valid, and the grantees take anything, each must take the undivided interest of the grantor within the boundaries designated in his deed. The result, then, would be, that the tenant, who had taken no part in those conveyances, and might have been entirely ignorant of them, instead of taking the entire tract by moieties, according to the legal operation of his deed, and the right that vested in him at the time of his purchase, would find himself a tenant in an indefinite number of lots, with as many different individuals, and be driven to the same number of partitions to obtain his interest in severalty. By this proceeding his title would be seriously affected, and his property injuriously divided and subdivided, without his agency or consent. But the inconvenience may not stop here ; the purchasers of these lots have the same right to sell portions of their interest to sub-purchasers, so that the evil seems to be without limit.
When partition is made between tenants in common, can one of them claim, as matter of right, a part of any particular portion of the premises, or can he prevent the commissioners, by whom partition is made, from assigning to his co-tenant the' whole of any portion of the tract, not exceeding the quantity he is entitled to? It appears to me that he can not; because such a power would be inconsistent with the equal rights of the parties, and because his co-tenant might set up an equal claim to the same spot, and prevent a partition altogether. But on the principle contended for, this right may be claimed and secured, by executing deeds before partition.
I can not see how these inconveniences can be prevented, but by assuming the ground, that as each tenant, or parcener, *has an undivided interest in the whole, and in every portion of the land, neither of them can do any act by which either might be prevented from obtaining, by partition, the whole of any portion of it, not exceeding the amount of his entire claim. This restriction goes no further than to prevent the tenants from conveying specific por *111 tions, and thereby effecting a partition, pro tanto, by giving a fixed location to parts of their interest within designated boundaries.
In Reed v. Tucker, Cro. Eliz. 803, it is said to be clear, that every act, by one joint tenant, for the benefit of his companion shall bind, but those acts which prejudice his companion in estate shall not bind.
If these conveyances were legal, we might naturally expect to find many cases reported in which they have been recognized. '.But such is not the fact. The counsel has not been able to cite a single case in which such a deed has been offered, except the one in 1 Bibb, 510. That case I have examined with some attention, and it appears to me that the point now under consideration was neither litigated by counsel, nor expressly decided by the court. Their attention seems to have been confined to the objection, that the deed purported to convey, not only the right of Johnston, the grantor, but also the right of Garrett, his co-tenant, and to the variance between the title set out in the declaration and the title proved.
The question discussed and decided was, whether a deed executed for the whole would operate to convey an undivided moiety. It seems to have been taken for granted, that for the same reason that a deed, purporting to convey the whole estate in the entire tract, would pass the undivided estate of the grantor in the entire tract, a deed, purporting to convey the whole estate in a specified portion of the tract, would pass the undivided interest of the grantor in the portion specified.
Had the point now under consideration been discussed, or had the attention of the court been directed to it, I feel inclined to believe, they would at least have hesitated, and whatever might have been their opinion, they would not have passed it over in silence. In the course of-the opinion the remark, that Johnston’s right in the whole was the *same that it was in any part, and that he could not, without the previous consent of Garrett, create in himself, by his own act, an estate in severalty, in any part, and vest that estate in another, any more than he could convey the whole.
It appears to me to follow from this doctrine, that he could not by his own act, separate the estate, so as to create a new distinct tenancy in common, in any particular part of it, and vest that in a third person.
If the question be asked, why could not Johnston create such an *112 estate in severalty, as the court refer to, and vest it in another, the answer must be, because it would amount to an action of partition, which can not be made by a single tenant, and because it would be inconsistent with the nature of his title. But it may be asked whether it is not also an act of partition, equally inconsistent with the nature of his title, to lay off a part, by metes and bounds, and vest in a third person his undivided interest in it. As far as the act goes it operates as a partition, by fixing the limits within which a part of his right shall be located, when the final partition is made, and by giving metes and bounds within which a sub-purchaser shall take his undivided interest. In order to make it an act of partition, it is not necessary that it should assign to every tenant his full share in severalty — if it designate any specific part, within which the whole, or any portion of the right of either tenant must necessarily be taken, it is so far a partition.
As it is admitted that Johnston could not effect a partition of the land, in whole or in part, it may be asked, how he could make livery of seizin of his interest in any given portion of it. There must be certainty in the thing to be delivered, as well as power in the party by whom livery is to be made. Could Johnston, by his own act, designate to Caldwell the part of the one thousand acre tract, on which his moiety of the six hundred acres would be fixed, when partition should be made ? If he could, he had power to make a partition, which is not pretended. If he could not, the thing of which livery was to be made was unascertained and uncertain, and therefore it could not be made.
Should it be objected that livery of seizin is now considered *a matter of form, not necessary to be done, it may be replied, that however this maybe, it is a sound principle, that an estate of inheritance can not be conveyed by a person who has not power to make livery of seizin; and it is equally certain that a tenant in common, not having power to locate any part of his claim, on any portion of the undivided premises, can not enter on any specific portion, and by his own act sever it from the residue, for the purpose of making livery of his estate in that particular portion, to the exclusion of the residue.
As far as the points were discussed and expressly decided in that case, I most cordially acquiesce in the opinion delivered by Judge Boyle, but with due deference I must dissent from the implied opinion, resulting from the judgment of the court, as to the par *113 t.icular point now under consideration, which evidently passed sub silentio.
In the ease of French v. Lund, Adams, 42, it was decided that an execution against one holding land as a tenant in common, could not be extended on a part of the land so holden, by metes and bounds; but on the principle adopted by this court, the extent ought to have been sustained, as to the undivided interest of the defendant in the premises, within the boundary designated by the Bheriff.
In Bartlett v. Harlow, 12 Mass. 348, it was ruled that an execution against the land of a joint tenant, or tenant in common, could not be levied on any particular portion of the land, but must be levied on the debtor’s share of the estate in the whole land. In arriving at that decision, the court established the principle, that a tenant in common can not convey by deed, by metes and bounds, his undivided interest in a part of the estate, so as to entitle the grantee to maintain a writ of partition; and they lay it down, as an incident to such estates, that one tenant is prevented from conveying distinct portions of the land.
In Porter v. Hill, 9 Mass. 34, it was decided, that one joint tenant can not convey any specific part of the land to a stranger, at least to the prejudice of his co-tenant.†

Note by the Editor. — That a tenant in common, etc., can convey his interest in the whole or in part of the entire tract held in common, see also vi. 398; vii. 129, 131, part 2; ix. 126. That a deed purporting to convey in severalty is good for the interest which the tenant in common has in the land described, is also recognized as settled law in Ohio, in vi. 391, and vii. 129, part 2. As to ejectment by grantee for such interest, see the same cases.