## L. C. GROTHAUS v. F. S. DE LOPEZ.

### SUPREME COURT, TYLER TERM, 1882.

*Homestead—Right of Wife to Sell.*—There is no law which deprives a mother, she being a widow, of the power, which is an incident of ownership, to sell any property or interest in property which she may own, even that property may be a homestead, or interest in land which may long have been used as homestead.

*Same—Survivor of Community—Rights of.*—The only additional power acquired by the survivor of community, is the power to sell the interest before held by the deceased member, which at his or her death rests in his, or her children.

*Same—Interest of Children.*—The only difference which exists in regard to the right of minor children to take and hold the interest of deceased parent in community property, which is, or which is not community homestead, exists with reference to creditors solely. In reference to the latter they cannot hold to the prejudice of creditors, except for the year's support or to make up for exempted property not found in kind ; in reference to the former they can, but however they may take, it is simply as heirs under statutes of descents and distribution, or under a will as devisees, with no difference as against a surviving parent as to the character of the estate, whether the property be homestead or not.

*Same —Mother and Widow—Right of Alienation.*—It is for the mother, if she be a widow, to determine how long property which she owns, or her interest in undivided property which she owns, as tenant in common with her minor children, shall remain the homestead of the family, and her pa-

rental affection to her offspring is all the guarantee the law deems necessary to restrain her from an unwise alienation of it.

Appeal from Bexar county—Opinion by Stayton, **J.**

This is an action of trespass to try title to a lot in the city of San Antonio, brought by L. C. Grothaus against Mrs. F. S. De Lopez.

Grothaus deraigns title to the property through a purchase therof made, under deeds of trust executed by the appellee to secure the payment of notes which she had executed to one Stucken. The deeds of trust were executed in 1874, at which time the appellee was the surviving widow of Manuel Lopez, who died in 1863, having several minor children.

The property in controversy was purchased in the lifetime of Manuel Lopez, who with his family occupied it until his death, after which the appellee continued to occupy it, with her children, as a homestead until the sale under the deeds of trust were made. The deed to her property was taken in the name of the appellee, Mrs. Lopez, when the property was originally bought. It was claimed by the appellant that the property was the separate property of Mrs. Lopez, and it was claimed by Mrs. Lopez that it was the community property of herself and her deceased husband.

Mrs. Lopez, as guardian *ad litem*, made her children parties defendant, and set up that the property was the homestead of herself and minor children.

The court instructed the jury in regard to the effect of a deed made to a woman during coverture and as to the facts which would make property so conveyed the separate property of the wife. There are no facts in the record which would evidence the right of Mrs. Lopez to encumber or sell the interest of her children in the property, if it was community property.

Under the view that we take of this cause it is not important to inquire whether the property was the separate estate of Mrs. Lopez or not, for it is evident that under the charge of the court the case was made to turn upon the question whether the lot was the homestead or not.

The court gave the following charges:

"The deeds of the plaintiff in evidence convey to him the

property in this suit, and give him legal title to the same, unless the right of the defendant to her homestead should defeat the plaintiff's right of possession."

"If you believe from the evidence that the property in question was, and is now the homestead of the defendant and her family, and that it was originally bought by the husband for homestead uses, and that it has been used and occupied continuously from the date of purchase until the present data by the defendant and her family as a homestead, you will find for the defendant."

If you find that the property was the separate property of the wife, you will find for the plaintiff."

If the property was the separate estate of Mrs. Lopez, the charge of the court seems to recognize the fact, that the sale under the deeds of trust passed the title to the property to the plaintiff, and that he was entitled to recover, notwithstanding the property had long been used as the homestead of the family. This, under the decisions of this court, was correct.

The charge however, assumes that if the property was bought by the husband for homestead uses, and had been continuously used for that purpose, that then no recovery could be had by the plaintiff.

This must have been upon the theory that if the property was community property and homestead, the wife would have no power to sell her community interest therein, or that notwithstanding her sale of her community interest, the family including herself, were entitled to the possession of the whole as their homestead.

We know of no law which deprives a mother, she being a widow, of the power, which is an incident to ownership, to sell any property or interest in property which she may own, even though that property may be a homestead, or interest in land, which may long have been used as homestead.

The right of a surviving parent who has qualified as the survivor of the community, to administer the community estate, to sell not only the community interest of such survivor, but the entire community estate has been recognized in a number of cases, and this even though such prop-

erty be a homestead. (Johnson v. Taylor, 43 Tex., p. 122, Dawson v. Holt, 44 Tex., p. 175).

The qualifications of a surviving husband or wife to administer a community estate, confers upon such survivor, in reference to his or her interest in the community property, no power greater than he or she possesses before such qualification, and the only additional power acquired thereby, is the power to sell the interest before held by the deceased member, which at his or her death, vests in his or her children.

As was said in the case of Johnson v. Taylor: "The children have no interest in the homestead as such, by virtue of the homestead rights of the deceased parent. If it was community property of their parents, they inherit the share of the deceased parent, just as they inherit other community property," but the fact that they so inherit, cannot act as a limitation upon the power of a surviving parent to alienate his or her interest in such community property as may have been homestead, any more than it can so operate in regard to property not homestead.

The only difference which exists in regard to the right of minor children to take and hold the interest of a deceased parent in community property, which is, or which is not homestead, exists with reference to creditors solely.

In reference to the latter, they cannot hold to the prejudice of creditors, except for the year's support, or to make up for exempted property not found in kind; in reference to the former they can, but however they may take, it is simply as heirs under statutes of descents and distribution, or under a will as devisees, with no difference as against a surviving parent as to the character of the estate, whether the property be homestead or not.

In the absence of some satisfactory or constitutional prohibition, the power of the owner to sell or encumber any property, or interest in property which he or she may own, cannot be restricted by the fact that others, even though they be minor children of such owner, may own as tenant in common, an interest in the same property.

At the time the deeds of trust were executed under which the plaintiff claims, there was no law in force which precluded

a sole parent from giving a deed of trust to any interest which such parent might have in land that constituted the homestead, and the sale thereunder passed for title to the purchaser.

It is for the mother, if she be a widow, to determine how long property, which she owns, or her interest in an undivided property which she owns, as tenant in common with her minor children, shall remain the homestead of the family, and her parental affection to her offspring is all the guarantee that the law deems necessary to restrain her from an unwise alienation of it.

When it is deemed necessary to restrain or prohibit a parent from alienating property which he or she owns, or an interest which is so owned, in order that homestead protection may be given to minor children, the legislature will no doubt make such prohibition, but until it does so, the courts are powerless to interfere with the exercise of discretion in this regard by a parent.

After Mrs. Lopez had parted with title to her interest in the property, neither she nor her minor children were entitled to the exclusive possession of the entire property; for the purchaser of her interest, if it was community property, became a tenant in common with the children, and had the same estate and possessory right.

Although the plaintiff, in his petition, claimed the whole of the lot sued for, yet, if he showed title to an undivided half of it, to that extent he was entitled to recover and to be let into possession with the children. (Lessee of Louis v. McFarland, 9 Cranch, 153; Harrison, et al. v. Stevens 12 Wendell, 171; Van Alstyne v. Sparker, 13, Wendell, 582; Davis v. Whitesides, 1 Bibb 513; Gist's heirs v. Robinet, 3 Bibb 3; Freeman on Cotenancy, 204, 294; Steval v. Carmichael 52, Texas, 383.)

Under the evidence, the charge of the court was erroneous, for in any event under the evidence, and under the pleadings of the defendants, the plaintiff showed title to an undivided half of the property.

The judgment is reversed and the cause remanded.