*A. Rosa*, for plaintiffs.

*A. S. Hartwell*, for defendants.

---

# IN RE BANKRUPTCY OF TAI WO CHAN COMPANY,
## on Petition of M. W. McCHESNEY & SONS.

### APPEAL FROM WHITING, JUDGE.

HEARING, JUNE 26, 1894.     DECISION, JULY 11, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

1. It is within the province of a bankruptcy court (where the evidence shows a variance between the allegation as to who constituted the partnership of the debtor firm and the facts as found) to make such an order as the facts would justify without dismissing the petition.
2. The non-service of a partner who is without these islands is no cause to abate the proceedings. Its only effect is to exempt the said partner's property from liability for the partnership debts.
3. Objections to the indemnity bond should be made in the bankruptcy court to be appealable to this Court.

4. The petitioners alleged themselves to be a firm consisting of three partners, but only proved two of them to be such : Held, no objection to this variance having been made in the court below, where the evidence could be supplied, it cannot be considered on appeal.

5. This Court has authority to remand the proceedings to the Circuit Judge in Bankruptcy for the purpose of allowing amendments to the petition to make it correspond with the facts and the order.

OPINION OF THE COURT, BY JUDD, C.J.

Bankruptcy was adjudged in this case by Circuit Judge Whiting, who found "that T. Q. Y. Alai, Alai, Sr., and Lam Pun, comprising the copartnership firm of Tai Wo Chan Company, have become bankrupt," etc., and that Leong Ning and Lum Kan, petitioned as co-defendants herein are not partners in said firm of Tai Wo Chan Company, and as to the said Leong Ning and Lum Kan said petition is dismissed, and, says the Court: "I do further adjudge T. Q. Y. Alai, Alai, Sr., and Lam Pun, comprising the firm of Tai Wo Chan Company, bankrupt accordingly."

An appeal was taken from this judgment by T. Q. Y. Alai and Alai to this Court.

The original petition was against "Tai Wo Chan Company, composed of Tai Wo Chan and others, an unregistered Chinese mercantile firm doing business as shoemakers at No. 38 Nuuanu street, Honolulu." On the return day the petitioners asked and obtained leave to file an amended petition, describing the debtors proceeded against as "Tai Wo Chan Company, an unregistered Chinese mercantile firm and copartnership, composed of T. Q. Y. Alai alias Tai Wo Chan, Leong Ning, Lum Kan and Ah Lai, and doing business as shoemakers and tailors at No. 38 Nuuanu street in Honolulu."

By statute, on page 649, Compiled Laws, the members of every copartnership are required to be registered in the Interior Office, in default of which each member of such unregistered firm may be held liable for partnership debts, and sued severally therefor. From the evidence adduced the Circuit Judge found that Leong Ning and Lam Kan were not

partners, but that T. Q. Y. Alai, Alai and one Lam Pun constituted the partnership. We have carefully reviewed the evidence taken, and see no reason for varying the finding made by the bankruptcy court. The firm not being registered, the petitioners were obliged to set out as partners those whom they considered to be such on such information as they had. The alleged partners, the Alais senior and junior, show, to our satisfaction, that Leong Ning (or Ling) had sold out from the firm of Tai Wo Chan Company. Lum Kan does not seem to have ever been one of this firm.

These witnesses insist that only T. Q. Y. Alai and Lam Pun, now in China, compose the firm. The full name of the younger T. Q. Y. Alai is Tong Quong Yee Alai and is commonly known by the natives as Alai. Without reciting the evidence in detail we find that it is satisfactorily proved that Alai, senior, is a member of the firm. It is very strong evidence his taking personally to the petitioning creditors a list of the firm's assets and liabilities (on a demand by the petitioning creditors for an exhibit of their affairs) which contained an item among the assets "stock of Alai, tailor, $1,000." Another list had been previously taken to the petitioning creditors, containing the items, "stock of Alai, tailor, $1,000." The shop occupied by this firm had a shoe-making business down stairs and a tailor's shop upstairs, and the goods of both departments were exposed for sale downstairs, there being only one sign on the shop—"Tai Wo Chan Company."

We think the bankruptcy court was fully justified in holding as it did. There was no occasion to dismiss the petition on the evidence showing a variance.

The failure to personally serve Lam Pun, who is said to be in China, has only the effect to exempt his private property, if any he has, from liability for the firm's debts. It does not abate the proceedings against the firm assets.

As to the indemnity bond by petitioning creditors being bad because given to the debtor firm and not to the individuals composing it, we do not find that any objection to the ·

bond was made in the court of first instance, and so do not consider it here.   Such a bond was held good in *Ira Caussey vs. Bailey*, 57 Tex., 670.

Counsel for the respondents made objection in this Court that the petition shows that the petitioning creditors were R. W. McChesney, J. M. McChesney and F. W. McChesney, composing the firm of McChesney & Sons, and the evidence only shows that F. W. McChesney and J. M. McChesney were partners, there being no evidence that R. W. McChesney is a member of the firm.   This objection to the variance between the pleadings and proof was not made in the court below and it is made for the first time in this Court, on appeal.   The order of the court below adjudging the debtors to be bankrupt would imply that the partnership of the petitioning creditors was considered to be sufficiently proved, since the order recites that the debtors "have become bankrupt within the true meaning and intent of the law regulating bankruptcy in the Hawaiian Islands."   But there is no separate finding in this respect made by the Court.

In 2 Beach, Modern Equity Practice, Sec. 974, we find the general rule in equity to be that, " with some exceptions, it is well settled by numerous decisions that objections will not be considered by the appellate court in reviewing a case unless they were presented and insisted on in the court below as shown by the record."   And what particularly applies to this case, " an objection to variance between pleadings and proof must be raised when the evidence is offered and not for the first time on appeal."

Id. p. 948, and cases cited.

The justice of this rule is manifest, for if the objection is made when the evidence is introduced it would be within the discretion of the trial court to allow the omitted evidence to be admitted.

3 Greenleaf Ev., Sec. 346, and *Bond vs. Dunlap*, 1 Johns. Ch., 484.

We consider that this rule of equity practice is applicable to proceedings in bankruptcy.   It would be analogous to the

rule at law that a variance of this character is cured by verdict. *Fowler vs. Wild*, 62 Mo., 404. This case also holds that where suit was brought in the firm's name and the plaintiffs' individual names were not set out, the defect was not sufficient ground for granting a motion in arrest of judgment, the court saying that advantage should be taken of the defect "by a suitable motion before the trial is closed so as to give the parties an opportunity to amend." *Id.*

We therefore decline to consider the objection here.

Another objection is made by the respondents, that though the order of the lower court finds that Lam Pun (now in China) is a member of the firm of Tai Wo Chan Company, it does not appear in the petition that he is a party defendant; that is the petition was not amended by inserting Lam Pun's name, so as to conform to the proofs. This amendment would undoubtedly have been allowed in the lower court, if its necessity had been suggested.

"Where upon the final hearing, or even after appeal, it appears clearly from the evidence that the complainant has a case which entitles him to relief, but which, by reason of some defect or omission in the charges or allegations in the bill, is not brought fairly within the issue, he will be permitted to adopt the allegations of the bill to the case as proven."

1 Beach, Sec. 171, and cases cited.

It is urged that this Court, being solely appellate in jurisdiction, cannot allow the amendment here. Without passing upon this, we have power to remand it to the lower court for such amendments, (vide Sec. 70 of the Judiciary Act;)—proceedings in bankruptcy being in the forum of a Circuit Judge at Chambers.

We therefore remand the case to the Circuit Judge who heard the matter, with directions to allow the said amendment to the petition, i. e., to add the name of Lam Pun as a member of said firm of Tai Wo Chan.

Upon the allowance and filing of these amendments, the order appealed from is affirmed.

*W. A. Kinney* and *Carter & Carter,* for petitioning creditors.

*C. W. Ashford,* for respondents.