## JUANA LOPEZ v. THE STATE.

1. INSTRUCTIONS. The practice of giving in charge all the provisions of the Code relating to an offense in all its degrees without reference to the facts of the case, which has prevailed to some degree in Texas for nine years, again reprobated.
2. DISTRICT CLERK. AUTHORITY TO HOLD THE OFFICE WILL NOT BE DECIDED IN A COLLATERAL PROCEEDING. The constitutionality of an Act under

which one holds by appointment the office of district clerk, will not be determined, on the appeal of a criminal cause with which the clerk has no further connection than as acting clerk, certifying to the transcript.

APPEAL from Cameron. Tried below before the Hon. Edward Dougherty.

The constitution, Article 5, Section 9, provides that the clerk shall be elected for four years, subject to removal for cause, etc.

By the record it appeared that the former clerk died, and that the *judge* appointed Mr. Glaevecke, the actual incumbent, to hold the office until the next general election. It was contended that notwithstanding the legislature authorized this appointment (see Act of May 7th, Laws of 1873, p. 64), yet that the law was in violation of the constitution, in enacting a different tenure from that fixed by the constitution; and further, that said law was in violation of Section 23 of Article 1, and of Article 2 of the constitution.

*Powers & Maxan*, for appellant.

*Geo. Clark, Attorney-General*, for The State.

DEVINE, J. The appellant was convicted of an assault with intent to kill.

The charge of the court is assigned as error, as being in its material portions a series of abstract propositions not applicable to the case, and as being hypothetical and not applied to the evidence in the case, and as tending to mislead the jury to the prejudice of the defendant. The charge we believe to be substantially correct, and while it is open to objections, they are not of that character that would require a reversal of the judgment in the case at bar. In connection with the question of presenting to the jury questions of law, or directing their minds to the consideration of matters which have little or no connection or relevancy to the evidence in the case, we believe it proper to declare that the practice which, during the

last nine years has so extensively prevailed throughout several of the judicial districts, of laying down at length general principles, or copying into the charge from the Code, all the law relating to the offense (in all its degrees) for which the accused may have been indicted, without any seeming reference to the evidence in the case, is not calculated to assist the jury in arriving at a correct conclusion. We are of the opinion that such a practice in connection with a voluminous charge, is well calculated to perplex, confuse, and mislead a jury. The charge set forth in the indictment and the facts in evidence determine, when attentively considered, what is the law applicable to the case.

The sixth assignment of error, that "The court erred in re- " fusing to grant a new trial by reason of there being no con- " stitutionally appointed clerk of this court," is answered by the fact that the transcript of the record before us is dependent on the certificate and signature of that officer, acting under the appointment complained of. If he is not the clerk, and his certificate confers no authenticity as to the papers before us being the correct transcript of proceedings had in this case, then we have no evidence before this court upon which action other than a dismissal of this appeal could be had. We are not inclined, however, in a proceeding of this sort, to decide on the constitutionality of the law of May 7, 1873, and the right of an officer, whose appointment is regular under that law, to hold the office and perform the duties of district clerk under such appointment.

The judgment of conviction must, however, be set aside, and the cause remanded for error not assigned, but apparent on the record. Article 563 of the Code of Criminal Procedure prescribes the oath to be administered to the jury in all criminal cases; that oath, or its equivalent, was not administered to the jury in this case. The words " Well and truly to try the issue " between the State and the defendant," is not the equivalent of the oath prescribed. Had the record stated merely that the jury were duly sworn, or sworn according to law, the presump-

tion would be that the proper oath was administered. In this case the record negatives such presumption. This has been held by this court from the case of Arthur *v.* The State, 3 Texas, 403, to the present time ; so held in several cases during the last Austin and Tyler terms.

Judgment reversed and cause remanded.

Reversed and remanded.