## CITY OF CORSICANA v. G. W. KERR.

### No. 2886.

1. **Jurisdiction — Two Sessions of Court at Same Time.**— While a special judge was engaged in the court room in the trial of a case in which the district judge was disqualified, the district judge, without objection of any of the parties, tried another case in another room in the court house. In the latter case on appeal, *held*, that objection comes too late when made by the losing party after the trial had ended. Such objection does not go to the jurisdiction.

2. **Continuance—First Application.**—It is ordinarily error to overrule an application for a continuance complying with the statute upon the subject.

3. **Same—Bill of Exceptions.**—The judge acting upon a refusal may in bills of exception give the grounds of his action. That a witness was engaged in business near the court house does not prove that his attendance could have been had, and is no sufficient reason for refusing the continuance. See facts.

4. **Map—Survey.**—The production of an order of a city council as follows, "The cemetery committee was instructed to have a map made of the new addition to the cemetery, and placed with the city sexton," was sufficient authority for a survey of the cemetery, such survey being necessary in order to make the map.

APPEAL from Navarro. Tried below before Hon. Rufus Hardy.

The opinion states the case.

*Simpkins & Neblett,* for appellant.—1. The court erred in rendering any judgment in this cause, because the case was tried by Hon. Rufus Hardy, judge elect, and judgment therein rendered at a time when Hon. B. J. Farrar was holding court and trying causes in which Hon. Rufus Hardy was disqualified, under a commission issued by the Governor.

2. When the first application in a civil case complies with the statute the court has no discretion in the premises, but must grant the continuance. Sayles' Civ. Stats., art. 1277; Cleveland v. Cole, 65 Texas, 404; Chilson v. Reeves, 29 Texas, 275; Pruitt v. Everitt, 10 Texas, 283; Goodson v. Johnson, 35 Texas, 622; Jordan v. Jordan, 2 Ct. App. C. C., 831; Barth v. Jester, 3 Ct. App. C. C., 222.

No brief for appellee has reached the Reporter.

HENRY, ASSOCIATE JUSTICE.—Appellee sued the city of Corsicana, alleging that as city engineer he had done certain surveying for the city, for doing which he was, by its ordinances, entitled to pay at the rate of one cent per foot for the distance necessarily and actually run, and twenty cents for each one hundred words for recording all field notes. He sued for $653.42, and recovered judgment for $321, with interest thereon from the 5th day of June, 1888.

The cause was tried without a jury, and it appears from a bill of exceptions that when it was called, and during its trial, and when judgment in it was rendered, a special judge was engaged in the trial of another

cause in the District Court of Navarro County, to try which the regular judge was disqualified.    No objection on that account was raised to the trial of this cause until after judgment in it had been rendered.    It was then made on the ground of want of jurisdiction, because there could not. lawfully be two District Courts in session at the same time in Navarro· County.

The objection was taken too late.    A party can not be allowed to go through a trial without objection, and upon failing to get a judgment. then object to the proceedings.

If the objection went to the jurisdiction it would be otherwise.

Unless it can be shown that a party is deprived of some substantial right by the fact that another trial is being conducted in the District. Court of the county when his own case is put on trial, we see no reason why the two trials may not be proceeded with at the same time.    It is not a jurisdictional question.    There may be involved a question of substantial right.    If such a question arises it ought to be presented at the earliest opportunity.    If not so presented it should be treated as waived.

The defendant made an application for a continuance on account of the absence of Stephen Smith and three other witnesses.

The application was for a first continuance and complied with the law. All of the witnesses named, except Smith, appeared and testified.    The judge appended the following statement to the bill of exceptions:

"The witness Stephen Smith is a merchant doing business within six blocks of the court house where the trial was had, and the presence of said witness, if desired by the city, could have been had on the trial, which lasted all of one day and part of the next.    Said witness Smith was at the date of the trial, and is now, one of the city council, as appeared by the evidence on the trial, and it further appeared on the trial that said Smith could not have had any knowledge of the subject matter· of the litigation at the time the cause of action arose.    This exception is also qualified by reference to motion for new trial, which fails to set. forth any fact in any manner that could have been shown by said witness."

In the case of Campion v. Angier, 16 Texas, 93, this court said: "It not unfrequently happens that we would be at a loss to discover upon what ground a continuance has been refused, were it not for reasons contained in the bill of exceptions.    When called upon to sign a bill of exceptions the court may state very satisfactory reasons, apparent to the· court there, which would not otherwise be made to appear to this court, as that the evidence sought was in fact within reach of the party, or there was evidence before the court that the affidavit was not in fact true."

We do not think the most liberal application of the rule can be made to· embrace such a case as this.

We see no objection to the judge stating his reasons for making the·

ruling as a qualification to the bill of exceptions. But if the refusal rests on a fact not supported by the affidavit of a credible witness, it ought at least to be within the personal knowledge of the judge and not a mere conclusion from other facts known to him. The judge may have sufficiently known where the witness resided and did business to have justified his appending a statement thereof to the bill of exceptions; but he could not know what the witness would testify when sworn, in any manner that would authorize him to deprive a litigant of the privilege of having him sworn, and as a consequence of process to bring him into court. While the qualification of the judge to the bill of exceptions shows that the witness did business very near the court house, it falls very much short of showing that his attendance could have been procured at the trial, and that was the important question. We think the application was sufficient and that a continuance ought to have been granted.

Plaintiff introduced in evidence what the record styles an ordinance of the city in the following words: "The cemetery committee was instructed to have a map made of the new addition to the cemetery and placed with the city sexton." ·

He testified that he surveyed the addition to the cemetery and laid it off into blocks and lots, projecting the streets and alleys of the old cemetery through the addition, and charged one cent a foot for the necessary surveying, amounting to one hundred and fifty-five dollars; that he staked off the corners and made a map of the work and recorded it, with the surveying done, in the engineer's record. For this last work his charge was $84.

It is objected that the ordinance quoted only authorized payment for making the map, and it was therefore error to allow pay for doing the surveying.

It is evident that it was necessary to do the surveying in order to make the map, and there was no error in allowing pay for it.

The dates of the performance of his work are not stated, and we are not able to determine whether plaintiff was entitled to any interest.

We think it is a case for the application of the law allowing interest on open accounts, and that he was entitled to have judgment for such interest as accrued subsequent to the first day of January next following the accrual of the indebtedness.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 26, 1889.