### W. T. McCreary et al. v. Reliance Lumber Company et al.

Delivered April 27, 1897.

**1. Trustee's Deed Under Power of Sale—Recitals Conclusive, When.**

Where a deed of trust with power of sale upon default of payment provides that the conveyance made thereunder by the trustee shall be full evidence that the trustee complied with the requirements of the power in making the sale, and that no further proof of the request to sell, or of the advertisement, etc., should be required, but that all prerequisites to the sale should be presumed to have been performed, the effect of such provision is to make the sale and conveyance proof of the performance of all the prerequisites to the exercise of the powers conferred by the trust deed.

**2. Same—Presumption From Death of Parties and Lapse of Time.**

Where the trustee and the cestui que trust are both dead, and the deed executed by the trustee is in the usual form, it will be presumed after a long lapse of time that the trustee complied with the terms of the trust deed as to the prerequisites required in making the sale thereunder.

**3. Same—Void Sale—Tender of Purchase Money Required.**

Where, upon a sale of land, a vendor's lien is reserved, secured by deed of trust, and the trustee makes a void sale thereunder, the purchase money note secured by the trust deed remains unsatisfied, the legal title of the land remains in the vendor, and the heirs of the vendee can not recover the land from one who bought it from the purchaser at the trustee's sale without payment or tender of the unpaid purchase money.

**4. Record of Trust Deed Not Notice, When.**

Where the deed from the vendor to the vendee is not recorded, the record of a deed of trust executed by the vendee to a third person as trustee to secure unpaid purchase money, is not constructive notice to a subsequent purchaser of the land from the vendor.

Appeal from Hardin. Tried below before Hon. L. B. Hightower.

*J. B. Scarborough,* for appellant.

*Greer & Greer,* for appellee, Reliance Lumber Company.

*O'Brien & O'Brien,* for appellee, Nona Mills Company.

PLEASANTS, Associate Justice.—Appellants instituted suit against appellees, the Reliance Lumber Company and the Nona Mills Company, for the recovery of a part of the land granted in 1835 to Leman D. Lessley, the grant being for one league and labor; and the appellee Holland was made a party, and judgment asked against him on

his warranty, in case the plaintiff should fail to recover of the two defendant corporations. Others besides these two companies, and the appellee Holland, were made party defendants to the suit, some of whom disclaimed, and none of them are parties to this appeal. The defendant corporations each filed separate answers, each pleaded not guilty, and each claimed separate portions of the land granted to Lessley, including the tract sued for. The Reliance Lumber Company claimed under a deed from the defendant M. D. Cole, and the Nona Mills Company under a deed from defendant Holland, the vendor of the plaintiff's ancestor. The Nona Mills Company and defendant Holland pleaded also the statute of limitations, and both defendant companies and defendant Holland pleaded in bar of the action a sale under deed of trust given by McCreary, the ancestor of plaintiffs, to Holland, upon the land, and the purchase of the land by Holland at trustee's sale, and the defendant companies averred that they were innocent purchasers. Upon the trial of the cause by the judge of the court, without a jury, judgment was rendered for all defendants who had not disclaimed, and plaintiffs excepted to the judgment and have appealed to this court. The plaintiffs are the heirs of J. C. McCreary, and assert title to the land sued for under conveyance from appellee Holland.

The facts of the case, as we deduce them from the record, are substantially these: The defendant Holland claims title to the Lessley grant by regular chain of title emanating from one claiming to be the grantee, and signing his name Leman D. Lesslie. Lesslie, by deed dated May 11, 1838, conveys the entire grant to one Samuel Moore, and this deed was duly registered March 23, 1841; and on October 16, 1838, Leman D. Lessley conveys the same land to one Joseph Caldwell, which deed was duly recorded June 6, 1843; and under Caldwell the defendant M. D. Cole, the vendor of the appellee, the Reliance Lumber Company, deraigns title by regular chain of conveyance. Holland, claiming under the conveyance to Moore, by his attorney in fact, P. S. Watt, conveyed to J. C. McCreary, W. L. Stewart, and J. L. McCreary the land in controversy, the consideration, as recited in the deed, being $1400 in hand paid and secured to be paid by deed of trust; this deed is dated April 25, 1878. And on the same day J. C. McCreary, J. L. McCreary, and W. L. Stewart executed to one S. B. Turner a deed of trust on the land conveyed to them by Holland through his attorney in fact, P. S. Watt. This deed conveys 2214 acres of the Lesslie league to Turner in trust to secure payment of a promissory note for $600, executed by McCreary to Holland April 25, 1878, and payable on the first day of the following January, with interest at 10 per centum from maturity, which note, as the deed recites, was for a part of the purchase money for the said 2214 acres of land purchased from Holland.

The sale of the land under this deed of trust by the trustee Turner, and the purchase thereof at the sale by P. S. Watts for Holland, was proved by the testimony of several witnesses who were present, and

among them the sheriff of the county, who auctioned off the land at the request of Turner. Upon proof of the destruction of the records of Hardin County by fire, and upon laying the proper predicate by proof of the execution by Turner, the trustee, of a conveyance of the land to Holland, and its loss, secondary evidence was admitted by the court, over the objections of plaintiffs, to prove the contents of such deed. Holland testified, that somewhere between 1878 and 1882 he received from P. S. Watt, through the mail, an instrument purporting to be a deed from S. B. Turner, trustee, to himself, Holland, conveying to him the land he had conveyed to the McCrearys and Stewart. Witness could not give the date of the deed, could not give any of the recitals, did not remember before whom it was acknowledged, or whether it was acknowledged or not, but was satisfied it had been recorded, and knew the name of J. P. Work was attached to the instrument, but whether Work signed as a witness, or whether he took the acknowledgment of the deed, he could not say. The deed was in the usual form, and conveyed the land to witness. J. P. Work was the son-in-law of P. S. Watt, and he witnessed the sale of the land by Turner, and testified it was purchased by Watt for Holland; he could not say he ever saw the deed for the land with Turner's signature to it, but did see a deed in the possession of Watt on the day of the sale, which Watt had prepared for conveying title to the land from Turner. Witness was intimate and closely connected with Watt. Witness was elected county clerk of Hardin County in 1880, and thought the sale was made before his election; he had no recollection of signing the deed as a witness, or taking the acknowledgment of Turner; could not give definitely the time of the sale.

In 1887 Holland and Cole compromised their conflicting claims to the Lessley grant by dividing the land between them in unequal portions, Holland receiving the smaller portion. After the sale under the deed of trust by Turner to Holland, but how long after is not definitely shown, Holland, finding the land without an occupant, took possession and placed a party upon the land; and after sale the McCrearys never occupied the land, and ceased to pay taxes thereon, and from that date Holland paid the taxes regularly until he sold to the Nona Mills Company. It was proved by one witness that he met McCreary in Hardin in December, 1879, or January, 1880, and McCreary told witness he had let the land go back to Holland for what he owed on it. Cole conveyed to the Reliance Company, on May 18, 1879, two-thirds of the east half of the Lessley league. This company showed title by regular chain from Caldwell, through Cole, to itself for the land claimed by it. The defendant, the Nona Mills Company, gave in evidence a deed of conveyance from Holland for one-third of the land in controversy, dated February 7, 1890, and said defendant proved its purchase of the land, and that it paid therefor a valuable consideration, and that it was without knowledge of the existence of the deed from Holland to the McCrearys and Stewart, or of the deed of trust from the latter to Turner, when they bought and paid for the land.

There is some uncertainty as to what part of the $1400 for which the land was sold by Holland to McCreary was paid in cash; the terms of the sale as originally agreed on required $800 to be paid upon the execution of the conveyance, but it is apparent from the evidence that the whole of this was not paid at the time the deed was delivered by Watts. Holland, after stating in his deposition that he was under the impression $500 was paid, testified upon the trial, after, he says, refreshing his memory by reference to certain documents in evidence, that there must have been but $200 paid in cash. At the time Holland received from his attorney in fact, Watt, the deed of conveyance from the trustee, Turner; he also received from Watt the McCreary note to him (Holland) for $600, payable one day after date; and upon this note Holland instituted suit against McCreary in the District Court of McLennan County, and recovered judgment against McCreary before his death, which event occurred in 1890, and the judgment was subsequently collected from the representatives of McCreary. Our conclusion is, that there were two notes executed by McCreary in part payment of the land, one for $600, payable January 1, 1879, and the other was for the same sum, and payable one day after date. There does not seem to be any question made but that this last note upon which judgment was obtained in McLennan was executed in part consideration for the land; but the appellants insist that there was but one note, and that was the note upon which judgment was obtained, and that judgment having been paid, there was no part of the purchase money for which the land was sold to McCreary due when plaintiffs instituted this suit. This contention seems to be based upon Holland's declaration that he never saw but one note, and upon the fact that the note sued on in McLennan County was of the same date and for the same amount as the note described in the deed of trust; but the evidence is that one was payable one day after date, and the other on the first of January next after its execution. If the note sued on in McLennan was identical with the note described in the deed of trust, the record in that suit would have shown it. Holland is positive that the note sued on in McLennan was payable one day after date, and his testimony is not contradicted; and we think it is reasonable, from all the circumstances, that there were two notes for the same amount given by the purchasers of the land.

As we have seen, the deed from Turner, trustee, to Holland was not in evidence; but the deed of trust from McCrearys and Stewart to Turner for the benefit of Holland was in evidence. The records of Hardin County were destroyed by fire, but the index of the registration of this deed of trust was not destroyed, and it was preserved in the office of the county clerk. The deed from Turner to Holland for the land sold to McCrearys and Stewart was on record, Holland is positive, in 1881 or 1882, which was before the burning of the records. Holland had made diligent search and inquiry for this deed, but had been unable to find it; was not certain whether he delivered it to the Nona Mills Company when he conveyed them the land or not; the officers of that company

had no recollection of that deed, nor had their attorney to whom they delivered the title papers received from Holland. Search had been made by the company for it, but it could not be found among its papers. The deed of trust under which the land was sold to Holland by Turner contains this recital: "Now, should the party of the first part make default in punctual payment of said note (the note previously described in the deed, being for $600, and payable on the first of the succeeding January) or any part thereof, or at any time thereafter, the same remaining unpaid, it shall be the duty of the said parties of the second part thereof * * * on request of the party of the third part, or other holder thereof (which request is hereby presumed), to enforce this trust, and after advertising the time, place and terms of the sale of all of the above conveyed and described property in some newspaper published nearest the town of Hardin, Texas, at least thirty days previous to the day of sale (such publication to be made at least four times during said thirty days) to sell the same in accordance with such advertisement at public auction at the court house door in the town of Hardin, Texas, to the highest bidder for cash, and make conveyance to the purchaser, with special warranty, binding the said parties of the first part herein, and their heirs and assigns, and out of the money arising from such sale shall pay first all the expenses of advertising such sale and conveyance, including commissions of 5 per cent for the trustee, and then pay to the said party of the third part the full amount due on said note, and the surplus to the parties of the first part; and such sale shall be forever a perpetual bar against the said parties of the first part and all persons claiming under them, or any of them. It is expressly provided that the recitals in the conveyance to the purchaser shall be full evidence of the matters therein stated, and no other proof shall be required of request by the party of the third part herein, or of the holder of said indebtedness, to the trustee to enforce this trust, or of the advertisement of the sale, or any particulars thereof, and all prerequisites to said sale shall be presumed to have been performed."

Upon these facts, our conclusion is that the court did not err in rendering judgment for the defendants, and that the judgment should be affirmed. The law is, as stated by counsel for the appellants, that one claiming title under deed of trust must show that the prerequisites to the sale were performed; but this court is of the opinion that the recitals above quoted make the sale and conveyance of the property proof of the performance of all the prerequisites to the exercise of the powers of the trustee conferred by the deed. But if this interpretation of the instrument is erroneous, we think the long lapse of time between the sale of this property and the trial of this cause, taken in connection with the fact that both Watt, at whose instance, doubtless, the sale was made, and the trustee, Turner, were dead, relieved the defendants from producing further evidence of the performance of the prerequisites of the sale than that afforded by the testimony of Holland, which was that

the deed was in the usual form and that it conveyed to him the land. But if the deed was improperly admitted in evidence, we still think the judgment should have been rendered for the defendants. There were, as we have concluded upon the facts in evidence, two notes executed by McCreary for this land, and not one only, as is contended by appellants; and there is no evidence of the payment of but one of them, if the sale was not made to liquidate the one secured by the deed of trust; and if the sale was void, or the conveyance made by virtue thereof by the trustee to Holland, then this note is still due and unpaid, and, the deed of trust being executed on the same day of the conveyance from Watt to secure the vendor's lien on the land, the legal title remained in the vendor Holland, and the vendees could only recover of the vendor or those purchasing from him upon payment of the balance of the purchase money. This the appellants did not offer to do in case the court should find any part of the purchase money still unpaid. We take it that there is no difference in this respect between a mortgage executed by the vendee and a deed of trust to a third party to secure the payment of the purchase money. Upon principle we can discover no difference as to the legal effect between the two instruments, and no authority is cited by counsel to support a contrary view to the one we have expressed. We think there was no error in permitting the defendant, the Nona Mills Company, to offer evidence in support of its averment that it was an innocent purchaser of the property. Such an averment was but a declaration that its title emanating from Holland was acquired under circumstances which entitle it to the protection of an innocent purchaser. Such claim was not required to be set out upon demand made by plaintiffs for abstract of title. Nor do we think that the record of the deed of trust from the McCrearys and Stewart to Turner would be constructive notice to a purchaser from Holland that there was a claimant to the land adverse to Holland's claim of title. Holland's deed to the McCrearys and Stewart was not recorded until some years after the purchase of the property by the Nona Mills Company. And as to the deed of trust to Turner, the officer of the company who made the purchase from Holland testified that he did not know of its existence, nor had he ever heard of it until after the institution of this suit, and he gave the same testimony respecting the deed from Turner to Holland. But we need not decide whether or not the evidence sustains the defendant's claim that it was an innocent purchaser, since we hold that the title of plaintiff's ancestor was extinguished by the sale under the deed of trust. There was no error in excluding the testimony of W. T. and M. A. McCreary, as it was, in our judgment, clearly hearsay.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.