HERMAN KRUEGEL ET AL. V. RANDOLPH DANIELS ET AL.

Decided April 11, 1908.

**1.—Pleading—Res Adjudicata.**

In a suit to recover land and for damages, pleading considered, and held subject to exception that it appeared therefrom that a judgment had already been rendered in the controversy from which no appeal had been taken.

**2.—Courts—Two in Same County.**

The creation of two District Courts in the same county, with concurrent jurisdiction, is not in violation of the Constitution, and.one clerk may lawfully serve both courts.

**3.—Same—Transfer of Causes.**

Where. the Act. of the Legislature creating two_District Courts in the same county .authorizes the transfer of causes from one court to the other, a party

cannot afterwards complain of the absence of a formal order making the transfer when he appeared in the court to which a cause was transferred and contested the suit without objection.

**4.—Litigation—Injunction.**

Where plaintiffs, in trespass to try title, had already instituted two suits against the same defendants involving the same issues, in one of which suits judgment was rendered against them on demurrer, and in the other judgment was rendered against them after trial on the merits, an injunction was properly granted against the plaintiffs upon cross-bill of the defendants in the third suit restraining the plaintiffs from further litigating the same matters.

Error from the 44th Judicial District, Dallas County.    Tried below before Hon. E. B. Muse.

*Herman Kruegel,* for plaintiffs in error.

*Holloway & Holloway,* for defendants in error.

RAINEY, Chief Justice.—Plaintiffs in error brought his suit to recover a lot of land and for damages against defendants in error.

Defendants in error answered by general and special exceptions, not guilty and by cross bill, seeking to enjoin plaintiffs from further prosecuting such action.    The general and special demurrers of defendants to plaintiffs' petition were sustained and judgment rendered for defendants on their cross bill.    Plaintiffs bring this writ or error.

Plaintiffs in error complain of the sustaining of defendants' exceptions.    In their petition the plaintiffs in error allege in substance, that in 1897, and prior thereto, they owned the land, and in 1893 placed improvements on same and had since then used and occupied it as a homestead; that in 1894 they executed a deed of trust on same to secure the payment of certain money payable to the defendants; that default was made in the payment of said money and the trustee advertised and sold said property in accordance with the terms expressed in said deed of trust.    That plaintiffs brought suit No. 15,149 in the 44th Judicial District Court to enjoin the sale of said homestead premises under said deed of trust; that said suit was thereafter transferred, without legal order, to the 14th Judicial District Court, which court was without jurisdiction, where a judgment was rendered against plaintiffs and an order of sale granted directing the sheriff of Dallas County to sell said premises to satisfy said debt, "and the clerk of said 14th District, (H. W. Jones, who kept no office in the 14th Judicial District and was also unlawfully the clerk of the 44th District Court) issued the final process, commanding said sheriff to sell said premises under aforesaid order of sale and to place defendants in possession of the same;" that said process was void for want of jurisdiction in said court; that said process was executed by said sheriff; that the rental value of said premises is $70 per month; that conceding the transfer of said cause to be legal, the court was illegal and without legal existence, as the said H. W. Jones, the then pretended and acting clerk of this court, was not as required by law (art. 16, sec. 14 of the Con-

stitution of Texas) a resident citizen of the 44th Judicial District, he residing in the 14th Judicial District. That said sheriff's deed is void, the court being without jurisdiction, and being acknowledged before H. W. Jones, the pretended clerk, as there is no such office as clerk of the District Court of Dallas County, etc. That he is neither the clerk of the 14th nor the 44th Judicial District, as the Constitution prohibits the holding of more than one civil office of emolument at the same time.

The special exceptions to the petition were, in effect, that the allegations fail to show that any exception to or appeal from said judgment was taken; that they show the matters herein had formerly been adjudicated; that they show H. W. Jones was the *de facto* clerk of said court. We think the petition was subject to the special demurrers stated and the court did not err in sustaining them.

There are two regularly constituted District Courts for the transaction of business in Dallas County that have concurrent jurisdiction throughout the limits of said county, though said county forms two separate judicial districts. The creation of said districts by the Legislature has been held by our Supreme Court to be legal and not unconstitutional. Wheeler v. Wheeler, 76 Texas, 489; Lytle v. Halff, 75 Texas, 128.

The court being regularly constituted its jurisdiction does not depend on the title of the clerk to his office, at least when attacked in a collateral proceeding as in this case. Lopez v. State, 42 Texas, 298. H. W. Jones was acting as clerk, which made him *de facto* clerk, and all acts done by him in that capacity were legal and binding, and his so acting in no way impaired the jurisdiction of said District Court.

It is contended that said Jones was holding two civil offices of emolument at the same time, which was in derogation of the Constitution. Was he holding two such offices? Article 5, section 9, provides, "There shall be a clerk for the District Court of each county who shall be elected," etc., and further provides that, "in case of vacancy the judge of the District Court shall have power to appoint a clerk," etc. We think there is no force in plaintiffs in error's contention. One clerk for the District Court in each county is provided for by said article of the Constitution, but this does not expressly or impliedly restrict the Legislature from imposing upon the one district clerk of a county the duties necessarily incident to two District Courts in Dallas County.

In Lytle v. Halff, *supra,* this question was discussed by Chief Justice Stayton; and it was held that the Act of the Legislature having imposed this duty on the clerk, the Act was valid. And it seems from this holding that where two or more districts are formed out of one county, so the clerk resides in the county, he can perform the duties of both courts. He can not well reside in both districts, but he does reside in Dallas County, and the two districts were formed for the convenience of the citizens of Dallas County and in that sense he comes within the province of article 16, section 14, of the Constitution, which requires district clerks to reside in their respective bailiwicks and keep their offices therein.

Again, it is contended that the court trying that case had no jurisdiction, because there was no order made by the 44th District Court transferring said case to the 14th District Court. The Act creating said courts authorized the transfer of causes from one to the other of said courts, and it does not appear that such an order of transfer was made. But it does appear that plaintiffs in error brought the suit to restrain the sale under the trust deed, that a cross bill was filed asking a foreclosure and that a judgment of foreclosure was ordered, etc. There is no allegation of any motion for a new trial or any appeal taken, nor any excuse why these actions were not taken. From this we conclude that plaintiffs in error appeared in court and contested said suit. Having contested said suit they can not now complain as the court was one of competent jurisdiction to try the matters involved. Marx v. Heidenheimer, 63 Texas, 304; City of Corsicana v. Kerr, 75 Texas, 207.

The defendants herein set up in their cross-bill that plaintiffs in error theretofore brought two suits against the defendants involving the identical issues upon which this suit is based, which constitutes *res adjudicata* and asked for an injunction perpetually enjoining plaintiffs in error from further suing. This plea was granted, and plaintiffs in error complain of this action of the court, claiming that defendants in error were not entitled to such relief. The evidence in this case shows that plaintiffs in error had made two efforts to establish their claim by suits in a court of competent jurisdiction. In one case a demurrer was sustained and judgment rendered dismissing the case, from which no appeal was taken, and in the other a judgment was rendered against them on the merits of identically the same issues, and no appeal taken. These constitute *res adjudicata,* and judgment in this case was rightfully rendered for defendants, and we think under the circumstances the plaintiffs in error were rightfully enjoined from further litigating the matters here involved. The judgment is affirmed.

*Affirmed.*

Writ of error refused.