KRUEGEL v. COCKRELL & GRAY et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 2, 1912. Rehearing Denied Nov. 23, 1912.)

1. LIBEL AND SLANDER (§ 38*)—PRIVILEGED COMMUNICATIONS — ABSOLUTE PRIVILEGE — ATTORNEY.

Questions asked by an attorney of a party while testifying as a witness are absolutely privileged, and cannot be made the basis of an action for slander, though otherwise actionable.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 117–123; Dec. Dig. § 38.*]

2. COURTS (§ 42*)—CREATION—CONSTITUTIONALITY OF STATUTE.

Acts 30th Leg. c. 5, creating and constituting Dallas county the Fourteenth, Forty-Fourth, and Sixty-Eighth judicial districts, are not unconstitutional, on the ground that more than one district court with concurrent jurisdiction for Dallas county cannot exist.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 163–170, 181–183; Dec. Dig. § 42.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Herman Kruegel against Cockrell & Gray and others. From a judgment dismissing the petition, plaintiff appeals. Affirmed.

Herman Kruegel, of Dallas, for appellant. Cockrell, Gray, Thomas & McBride, of Dallas, for appellees.

RAINEY, C. J. This is an action for slander and libel brought by Herman Kruegel, plaintiff, against J. E. Cockrell and Edward Gray, and Curtis Hancock, as attorneys at law, and E. B. Muse, as district judge, to recover damages for malicious utterances of Curtis Hancock made by said Hancock during the trial of a cause in the Forty-Fourth judicial district court in Dallas county, before E. B. Muse, judge presiding. Collusion and conspiracy between all the defendants was alleged. Defendants pleaded absolute privilege in making such utterance, the same being in the process of a judicial trial, and interposed a general demurrer to plaintiff's petition, which demurrer was sustained by the court, and, the plaintiff refusing to amend, the cause was dismissed. From this action of the court Kruegel appeals.

The libelous matter alleged is: That while he was on the stand as a witness in his own behalf he was asked by Curtis Hancock, attorney, and required by the court to answer, questions as follows: "(1) 'Is it not a fact you (meaning plaintiff) are an anarchist?' (meaning to say that plaintiff is an anarchist). To which plaintiff answered, 'No.' (2) 'What is your politics?' (still meaning plaintiff is an anarchist). Plaintiff answered: 'I am a Republican.' (3) 'Is it not a fact that you (meaning plaintiff) have no respect for law, nor for the courts of the country, nor for their judgments (meaning thereby that plaintiff is an anarchist, an outlaw, and undesirable citizen of low degree)?' To which plaintiff answered, 'No; it is not the fact.' (4) 'Is it not a fact you would rather go to jail than to obey the law and the judgments of the courts of the country (still meaning plaintiff is an anarchist, an undesirable citizen of low degree with no respect for law nor fear for the jail)?' To which plaintiff answered, 'No; it is not the fact.' (5) 'Is it not a fact you have brought many damage suits in the district courts of Dallas county against nearly all the officers of Dallas county past and present?' To which plaintiff answered, 'Yes; for the willful wrongs done him in an official capacity.' (6) 'Is it not a fact, if you recovered judgment on all your suits, you would be richer than Rockefeller (meaning to ridicule plaintiff)?' To which plaintiff answered he did not know how much all the damages sued for amounted to, and did not know how rich Rockefeller was. (7) 'Is it not a fact, you also intend to sue Judge Muse, the judge of this court?' To which plaintiff in substance answered, Perhaps so, or he ought to be sued." That said questions were predesigned, malicious, immaterial, irrelevant, and impertinent to the matters in controversy, and made to injure the reputation of plaintiff and to so impress the jury. That Cockrell & Gray were parties defendant to the cause then on trial.

[1] Without determining whether or not under any conditions the language charged would be actionable we are of the opinion that, under the circumstances charged in plaintiff's petition, it was absolutely privileged, and the defendants are not liable in damages therefor. Runge v. Franklin, 72 Tex. 585, 10 S. W. 721, 3 L. R. A. 417, 13 Am. St. Rep. 833. In the case cited it is held that charges made in a judicial proceeding, whether true or false, are privileged, as it constitutes no basis for an action in damages. We rest our holding in affirming this case upon the principle announced in the case cited.

[2] The plaintiff attacks the constitutionality of the court in trying this case on the ground that there cannot exist more than one district court with concurrent jurisdiction for Dallas county. We do not concur in this contention. Act Leg. 1909, p. 4, creating the Fourteenth, Fourty-Fourth and Sixty-Eighth District Courts, violates no provision of the Constitution, and is valid. Lytle v. Halff, 75 Tex. 128, 12 S. W. 610; Wheeler v. Wheeler, 76 Tex. 489, 13 S. W. 305; Kruegel v. Daniels, 50 Tex. Civ. App. 215, 109 S. W. 1108. The judgment is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes