## ALLEN v. FARM & HOME SAVINGS & LOAN ASS'N OF MISSOURI et al.
### No. 1331.

Court of Civil Appeals of Texas. Waco.

Feb. 9, 1933.

Rehearing Denied March 30, 1933.

Charles R. MacFarlane, of San Antonio, for plaintiff in error.

Dilworth & Marshall, Henry C. King, Jr., and M. L. Roark, all of San Antonio, for defendant in error.

STANFORD, Justice.

This case was filed on the 1st day of August, 1930, in the Seventy-third judicial district court of Bexar county, Tex., by Farm & Home Savings & Loan Association of Missouri against Mrs. Fannie Allen, a feme sole, as defendant, to recover from the defendant the

title and possession to certain real estate in Bexar county, Tex. Prior to the filing of this suit the said Fannie Allen had executed a deed of trust in the usual form to said Farm & Home Savings & Loan Association to secure the payment of a loan in the sum of $1,200, and she having made default in the payment of said loan, said loan company foreclosed said deed of trust lien by having said real estate sold under said deed of trust. Thereafter said loan company filed proper affidavit and procured a writ of sequestration, and the sheriff, under said writ, took possession of the property covered by said deed of trust and the defendant, Fannie Allen, failed to replevy. On the 29th day of August, 1931, the Alcalde Investment Company, a corporation, having purchased said property from said Farm & Home Savings & Loan Association, intervened in said suit, alleging that it had acquired the property in controversy by general warranty deed dated January 20, 1931, and in said plea of intervention adopted the pleadings of the Farm & Home Savings & Loan Association and prayed for judgment against defendant, Mrs. Fannie Allen, for title and possession of the property in controversy.

The cause was transferred to the district court of Bexar county, Tex., for the Thirty-seventh judicial district, and was, on the 11th day of September, 1931, tried before said court, without the intervention of a jury. Upon hearing the evidence in said court on the 11th day of September, 1931, said court rendered judgment in behalf of the Alcalde Investment Company, a corporation, for the title and possession of said property against the said Fannie Allen. This case was tried before the court, and plaintiff in error, Mrs. Fannie Allen, obtained no findings of fact or conclusions of law from the court, and reserved no bills of exception and made no objections to any evidence that was introduced. It will also be noted that in her pleadings, Mrs. Allen did not seek to set aside the substitute trustee's deed, nor did she attack it by objection on the ground that it was void on its face, and the same was admitted in evidence without any objection reserved by bill of exception, or otherwise.

■ It appears from the testimony that Mrs. Fannie Allen signed the note and deed of trust for the purpose of borrowing $1,200 from said Farm & Home Savings & Loan Association of Missouri; that she duly acknowledged and delivered same, and had it recorded; that the $1,200 was paid to Mrs. Fannie Allen or to her order, except a small amount that was retained to clear up the title; that Mrs. Fannie Allen thereafter both personally and through her attorneys made arrangements to have the various clouds removed from the title to said property, by paying various amounts of money. Mrs. Allen defended this suit mainly upon the ground that said property was her homestead, and

therefore the deed of trust securing said note did not create a lien against it. The facts on this issue were undisputed and the question of invalidity, therefore, presented a question of law for the court. "A feme sole, even though the head of a family, may voluntarily mortgage her homestead," and therefore Mrs. Allen, having been an unmarried woman at the time she executed the deed of trust to secure her note for $1,200, cannot defeat said lien on the ground that she occupied as her homestead the property on which said lien was created and had occupied same from the date of the death of her husband which occurred in 1917. Exhibit No. 12 sent up with the transcript, constitutes an affidavit by Mrs. Fannie Allen and sworn to on the 2d day of March, 1929. In this affidavit Mrs. Allen testified under oath: "Thereafter, to-wit, on December 17, 1917, the said Will Allen departed this life. I have not remarried since the date of his death and I am a widow at this time."

No objection was made to this affidavit and Mrs. Allen at no time testified that she had remarried since the death of her husband, Will Allen. This, we think, is a correct proposition of law. The record clearly shows that Mrs. Allen voluntarily executed the deed of trust covering her homestead; also that the $1,200 borrowed was paid to Mrs. Allen, or to her order, and that same was her separate property, having been deeded to her by her husband some ten or twelve years before his death; also that Mrs. Allen's children had grown up and married and had homes of their own. Spencer v. Schell, 107 Tex. 44, 173 S. W. 867; Smith v. Von Hutton, 75 Tex. 625, 13 S. W. 18; Dabney v. Schutze (Tex. Com. App.) 228 S. W. 176; Hartman v. Thomas, 37 Tex. 90, 91; Grothaus v. De Lopez, 57 Tex. 670. Since the decisions above cited, all by the Supreme Court of Texas, the right of a feme sole, although the head of a family, to execute a voluntary mortgage on a homestead, is no longer an open question. The cases have been followed and approved and we can add nothing to the sound argument and clear expression of the principles of law as stated by the several opinions of our Supreme Court.

■ The plaintiff in error in various parts of her argument raises the point that the Thirty-seventh district court could not try the cause because it had been theretofore pending in the Seventy-third district court and no written order was made transferring said cause. It is true: "Where a cause is pending in one district court and upon verbal agreement or acquiescence all parties appear in another court and without objection to proceeding with the trial in the same county and proceeded to try the same in full, they are estopped to raise the question that the cause had not been properly transferred to said court."

The record shows that a nunc pro tunc order was entered transferring this cause from the Seventy-third district court to the Thirty-seventh district court. The cause was tried in the Thirty-seventh district court without any order of transfer presented to the court. A judgment of the Thirty-seventh district court recited, "be it remembered that on this the 11th day of September, 1931, came regularly on for hearing the above entitled and numbered cause, which said cause was originally filed in the 73rd District Court in and for Bexar County, Texas, and transferred to this court, and came the plaintiff, Farm & Home Savings & Loan Association of Missouri by its attorney of record and announced ready for trial, and came also the intervener, Alcalde Investment Company, by its attorneys of record and announced ready for trial, and came also the defendant, Mrs. Fannie Allen in person and by attorney of record and announced ready for trial." No bill of exception was taken to the action of the Thirty-seventh district court in trying same, nor was there any objection made by defendant Allen and her attorney to the action of the Thirty-seventh district court in trying said cause. Marx & Kempner v. Heidenheimer Bros., 63 Tex. 304; Harris v. Gregory (Tex. Civ. App.) 23 S.W.(2d) 748; Kruegel v. Daniels, 50 Tex. Civ. App. 215, 109 S. W. 1108 (writ refused); City of Corsicana v. Kerr, 75 Tex. 207, 12 S. W. 982. The above cases are conclusive on the proposition that where a cause is pending in one district court and without formal order transferring, the parties appear before another district court in the same county and announce ready for trial and proceed to trial without objection, they cannot thereafter urge that the court hearing said cause was without jurisdiction.

■ The plaintiff in error also raises the point that the affidavit of sequestration was improper because it was not properly sworn to. "Where a deputy district clerk takes an affidavit, it is proper for him to certify same in the name of his principal by himself as deputy, and therefore the deputy district clerk taking said affidavit used the proper form in authenticating the jurat by signing same 'Hart McCormick, district clerk of Bexar County, Texas, by A. W. Harlos, deputy.'" Evans v. Ellis (Tex. Civ. App.) 257 S. W. 294. The plaintiff in error in various places in the brief complains because the officer executing the writ of sequestration was permitted, under the direction of the court and after hearing testimony, to amend and correct the clerk's error in the writ. There is no merit in this contention. "Where a clerical error appears in a writ of process, the court may, after hearing testimony and determining same to be a clerical error, order the error corrected."

Article 2044, Revised Civil Statutes 1925, provides as follows: "Any mistake or informality in a return may be corrected by the officer at any time under the direction of the court."

The statement that the error in the return was purely clerical and that the writ was in fact executed on December 19, 1930, is not questioned. The proceedings for its correction were had before the court and upon the testimony the court directed the officer to amend and correct the return so that it would speak the true facts. By the very provisions of the statute above cited, this was a proper proceeding and constituted no error.

■ The plaintiff in error contends that there was no sufficient evidence that the original trustee in the deed of trust failed or refused to act, or that he resigned as trustee, and that there was no sufficient evidence that the substitute trustee, who made the sale, was legally appointed, and claims therefore the purported substitute trustee's sale was void and passed no title. The original deed of trust which was introduced in evidence, provided as follows: "And it is distinctly stipulated and agreed that in case any sale or sales hereunder, all prerequisites thereto shall be presumed to have been done and performed and that in any conveyance given or executed by virtue hereof, all recitals therein may, as to the conditions, facts, advertising, posting and to the default or defaults in payment of the amounts secured or advanced or as to the breach or failure to perform any of the covenants herein contained, or of the request made upon the trustee or his substitute to enforce and exercise the powers herein granted, or as to any other preliminary act or thing done or to have been done, including inability, failure, refusal or disqualification of the original trustee to act, shall be taken in all courts of law or equity as prima facie evidence that the recitals and statements in fact so recited are true; and all the acts and deeds of the said trustee, his successor or substitute, lawfully done in the premises, are in all things by the undersigned absolutely ratified and confirmed."

The defendant in error also introduced in evidence the substitute trustee's deed, which reads: "Whereas, the said Lee B. Ewing on the 6th day of June, 1930, signed a written refusal to act as said trustee and his resignation from said trustee; and whereas, afterwards, to-wit, on the 7th day of June, 1930, the beneficiary in said deed of trust, the Farm & Home Savings & Loan Association of Missouri did appoint the undersigned, James K. Ross as substitute trustee to execute the purposes of said trust; and whereas, default has been made in the payment of said indebtedness and the Farm & Home Savings & Loan Association of Missouri, the holder of said note and indebtedness and deed of trust, has, since said default, requested me, the said James K. Ross, substitute trustee, to sell said property in accordance with the provisions of said deed of

trust for the purpose of paying said indebtedness."

No objection is shown by the statement of facts to have been made by the plaintiff in error to the introduction of either of these instruments, and the record discloses no bill of exception to the action of the court in admitting them in evidence, and the record contains absolutely no testimony from any witness or from any source, purporting to discredit or question the truth of the recitals made in the substitute trustee's deed. Adams v. Zellner, 107 Tex. 653, 183 S. W. 1143; Johnson v. Marti (Tex. Civ. App.) 214 S. W. 726; McCreary v. Reliance Lumber Co., 16 Tex. Civ. App. 45, 41 S. W. 485. Not only the authorities above cited, but there are numerous other authorities by our Supreme Court to the same effect. The holding here by our Supreme Court is no longer an open question in this state. It is evident that the trial court had before it prima facie evidence which was not rebutted to justify its implied finding of fact that the substitute trustee was legally appointed.

■■ The plaintiff in error also in numerous places in her brief undertakes to show that the substitute trustee's sale was made at a time when the indebtedness was not sufficiently delinquent to authorize the making of such sale. However, plaintiff in error in the court below, not having alleged in her pleadings that said trustee's deed was void or voidable, for such reason and not having sought to rescind or annul such substitute trustee's deed, and not having preserved any bill of exception to the action of the trial court in receiving same in evidence, cannot raise the question for the first time on this appeal. It is also true since the deed of trust provided that all recitals in the trustee's or substitute trustee's deed thereunder should be prima facie evidence of the truth thereof and the substitute trustee's deed recited delinquencies in the payment, and this evidence was not contradicted or disputed by any evidence offered by the plaintiff, the trial court was justified in accepting such recitations as true and requiring no further proof thereon. It is also true, since the evidence does not show the exact date on which the $150.45 was applied on said note by the Farm & Home Savings & Loan Association, and since no other payments had been made by Mrs. Allen except the two payments for April and May, 1929, which were held out of the loan, the presumption is in favor of the judgment of the trial court in the absence of bills of exception, findings of fact, or conclusions of law, that the trial court found from the evidence, including the recitations in the substitute trustee's deed, that a period of at least six months elapsed between the May, 1929, payment and the date on which said balance of approximately $150.45 was applied, and that during such period of at least six months the note had, in accordance with its acceleration and maturity clause, been duly and legally declared wholly due and payable.

The plaintiff in error in her cross-action sought to set aside the deed of trust, but did not seek to set aside the substitute trustee's deed. The plaintiff in error in the court below did not object to, or take a bill of exception to the introduction of the substitute trustee's deed in evidence. The plaintiff in error in the court below did not in her pleadings allege that said substitute trustee's deed was not properly made, on the ground that the note was not legally declared fully due and payable.

It will be noted that the plaintiff in error is attempting to raise a question which was not raised by the pleadings, nor was it raised by objections to the introduction of evidence, nor was it preserved by bills of exception nor by any finding of fact or conclusions of law by the trial court. The court had before it the recitations in the substitute trustee's deed reciting that default had been made in the obligation, and that the trustee had been requested by the holder of said obligation to make the trustee's sale, and the deed of trust provided that the recitations in such substitute trustee's deed should be taken as prima facie evidence of the truth thereof. It is obvious, therefore, that the trial court, in view of the recitations in the trustee's deed, which were not controverted by any evidence of plaintiff in error, even in the absence of exact certainty of the date on which said note was declared fully due and payable, and in the absence of the exact certainty as to the date when the credit was applied on the note, considered that the recitations in the substitute trustee's deed were sufficient for him to find that the sale was lawfully made. Therefore, since the plaintiff in error did not either by pleadings or evidence dispute the recitations in the substitute trustee's deed, nor demonstrate the falsity of the recitations therein contained, and in no manner raised the point in the trial court, she cannot now on appeal raise such question.

We have not discussed all the contentions of plaintiff in error, but have considered all of them and finding no reversible error, the judgment of the trial court is affirmed.