**BURTON et al. v. DUMESTRE.**

No. 8169.

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1936.

Rehearing Denied Jan. 13, 1937.

948

Kenneth H. Aynesworth, Jr., of Houston, Tex., for appellants.

T. A. Slack and Morris D. Meyer, both of Houston, Tex., for appellee.

Before FOSTER and SIBLEY, Circuit Judges, and STRUM, District Judge.

SIBLEY, Circuit Judge.

Trespass to try title was brought in the District Court by Lawrence J. Dumestre, trustee, against Gertie Burton and her husband, J. E. Burton, and others claiming under them for certain Texas lands. Plaintiff relied for title on a trustee's deed made under a power of sale given by the Burtons in a trust mortgage to secure their note for $43,500 purchase money of the land in favor of James J. A. Fortier, trustee. Learning that his deed would be attacked as void under a plea of general issue which was filed, Dumestre obtained from Fortier an assignment of the note of the Burtons and of all his right, title, and interest in the land, and in order to have the advantage of this new source of title amended his petition to allege an eviction since its date. At the conclusion of the evidence the defendants amended their answer to assert specially that the trust deed made after advertisement and for a consideration of $10,000 was an election by Fortier against asserting his superior title and that Dumestre was estopped to claim otherwise than under his deed at trustee's sale; but they reserved the defense that no proper trustee's sale was made or any sale at all. There was no offer by the Burtons in pleading or evidence to pay what they owed for the land. Dumestre put in evidence the trust mortgage and his trustee's deed which on its face conveyed title to the land for a consideration of $10,000 under recitals of a regular sale at public auction according to the power in the mortgage. He also introduced the note assigned to him and the conveyance of all Fortier's interest in the land, the note showing by its credits that though paid down to a principal of about $40,000 in February, 1933, nothing had been paid since, and that the debt was in default and more than the original amount was due at the time of the trial. The trustee testified to a request from Fortier to sell, to an advertisement of the sale, and to his having made sale just before noon on January 2, 1935, before the county courthouse on a single bid for Dumestre of $10,000. Defendants had testimony that Burton and two other persons were at that hour and long before and afterwards at the place of sale ready and desirous to bid, that no sale was conducted, and that the trustee came there about 4 p. m. and took down the notice of sale, but held no auction. The judge held that a jury question was made as to whether a valid sale or any sale at all occurred, but that plaintiff was entitled to recover whichever way that question might be decided. So he instructed a general verdict for the plaintiff and entered a judgment that the plaintiff "recover title to and possession of" the land. This appeal followed, and assignments of error raise the questions below discussed.

In Texas where land is sold and all the purchase money is not paid but a mortgage is taken and a vendor's lien is reserved, as was done here, the conveyance is regarded as only conditional and the vendor still has what is termed the "superior title" by virtue of which on a default in payment he may rescind the sale and sue to recover the land back. The purchaser cannot defend his title or possession except by tendering what he owes. But the vendor may elect to enforce his debt by suit or by foreclosure against the land, and while so proceeding or after having collected in whole or in part he cannot ordinarily go back and elect to rescind. Dunlap's Adm'r v.

Wright, 11 Tex. 597, 62 Am.Dec. 506; Roosevelt v. Davis, 49 Tex. 463; Von Roeder v. Robson, 20 Tex. 754; Hill v. Preston, 119 Tex. 522, 34 S.W.(2d) 780, 783; Gardener v. Griffith, 93 Tex. 355, 55 S.W. 314; Walls v. Cruse (Tex.Com. App.) 235 S.W. 199. By way of exception, however, if the debtor asserts the bar of limitation against enforcing the debt, or otherwise repudiates his obligation to pay, the vendor may be remitted to his original election and proceed for the land; for the vendee cannot hold the land and refuse to pay the purchase money. McPherson v. Johnson, 69 Tex. 484, 6 S.W. 798; Lee v. Richardson (Tex.Civ. App.) 47 S.W.(2d) 511.

In this case Fortier brought no suit on the note, either now pending or in judgment, and no suit to foreclose mortgage or vendor's lien. He did seek to enforce the purchase money debt by subjecting the land to sale under the power, which must be considered as a mode of enforcing the mortgage. The trustee, according to the recital of his deed, got $10,000 from the sale and, as it was his duty to pay it over to Fortier, we might ordinarily presume that he did so. If the sale were valid, the $10,000 would be the proceeds of the land, and the land forever lost to the Burtons. Fortier, and Dumestre claiming under him, would have no further right to assert the superior title originally retained or to claim the land by virtue of it. But if, as the Burtons contend, no sale was ever really held, so that the trustee's deed is a mere pretense, the Burtons lose nothing by it, the trustee ought to pay the $10,000 back to Dumestre, and no presumption ought to be indulged that Fortier got the money. There is no direct evidence that he did. The Burtons stand here repudiating the sale purportedly made under the power which they gave. They thereby disavow any benefit from it. If as their witnesses say there was no public auction before the courthouse as the power requires for its exercise, the whole effort to sell was a nullity; it is as though it never occurred. Texas Loan Agency v. Gray, 12 Tex.Civ. App. 430, 34 S.W. 650. If the Burtons succeed in making the sale a nullity, Fortier would be remitted to his right to assert his superior title, the purchase money debt being greater than at first and the Burtons making no offer to pay it. Compare Walls v. Cruse (Tex.Civ.App.) 235 S.W. 199. That title he could transmit along with the debt to another. The circumstances indicate that Dumestre and Fortier must have agreed that, if the sale were really a fraud, Dumestre ought to have the $10,000 back, but that the matter to let the jury determine the question 000 and putting Dumestre in his shoes, so that Dumestre could assert the superior title if the sale turned out void. The liberal Texas practice permits the assertion of a title acquired pending suit, and alternative claims of title. A plaintiff may ordinarily assert all the claims of title he has in one suit, and ought to do so, though it be true that if one claim be good the other cannot be. It might have been better be settled by Fortier's taking the $10,- whether the sale was or was not valid, and in consequence whether Dumestre had title in pursuance of an enforcement by Fortier of the contract of sale or by his own assertion of the unimpaired superior title. But since no damages or other adjustments are sought, but only the possession of and title to the land, and since the defendants are not offering to pay their debt and keep the land, there could be but one result. Stone Cattle Co. v. Boon, 73 Tex. 548, 11 S.W. 544; McCreary v. Reliance Lumber Co., 16 Tex.Civ.App. 45, 41 S.W. 485. We cannot say the judge erred in declaring that result.

Judgment affirmed.