## ALBERT FULCHER v. THE STATE.

CHARGE OF THE COURT—RAPE.—On the trial of one indicted for an assault with intent to commit a rape, it is the duty of the court to define to the jury in the charge the constituents of the offense of "rape;" and a failure to do this, where a conviction has been obtained, will be ground for reversal.

APPEAL from Bastrop. Tried below before the Hon. W. P. Richardson.

*Jones & Sayers*, for appellant.

*Terrell & Walker*, also for appellant.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—This is a prosecution for an assault with intent to commit a rape. The defendant was convicted, and his punishment was assessed at five years in the penitentiary.

An appeal was taken to this court.

There are some irregularities in the mode of bringing up the case which has caused a delay of the determination of it until lately. The objections to the appeal on that account have been waived.

The charge of the court does not mention the word "rape," or define it, or describe the constituents of that offense, or convey any idea to the jury as to what facts constitute any part of the offense charged otherwise than to define an assault. Being a felony, the law as applicable to the facts of the case, in reference to the charge in the indictment, should have been given to the jury, whether it was asked or not. (Pas. Dig., art. 3059.)

The facts proved on the trial, considered in detail or as a whole, present a mysterious uncertainty, and do not, but little more than the charge of the court, point with rea-

sonable certainty to the particular offense charged in the indictment.

For these reasons the judgment will be reversed and the cause will be remanded for further proceedings.

Reversed and remanded.