## ALBERT JENKINS v. THE STATE.

1. RAPE—CHARGE TO THE JURY.—On a trial for rape, the court below admitted evidence impeaching the character for chastity of the female injured, and instructed the jury that they might consider such evidence in determining the weight and credibility of her testimony in reference to the commission of the offense by the accused. *Held*, that the instruction was objectionable, because it failed to explain that such evidence was only competent for the purpose of raising the presumption that the woman yielded her consent, and was not forced; but that this error in the charge inured to the benefit of the accused, and, therefore, he is not entitled to a reversal of the judgment on account of it.

2. SAME.—In the trial for a rape by force, wherein it was incumbent on the jury to determine whether the force was of the kind and degree defined by the statute (Pasc. Dig., Art. 2185), the court below, whether asked or not, should have given to the jury proper instructions for their guidance in determining that question; and the omission to give such instruction was error, requiring the reversal of the judgment of conviction.

3. EVIDENCE.—In a prosecution for a rape by force, something more must be shown than a mere want of the female's consent; there must have been resistance upon her part, dependent in amount on the circumstances surrounding her at the time, and on the relative strength of herself and the accused.

APPEAL from the District Court of McLennan. Tried below before the Hon. X. B. SAUNDERS.

The appellant, a colored man, was indicted for a forcible rape on Laura Austin, also colored, who was the principal witness for the state. She testified explicitly to the commission of the offense by the accused, but her evidence was contradicted in several respects by other negroes. The jury, however, found the accused guilty, and assessed his punishment at five years in the penitentiary. His motions for a new trial and in arrest of judgment were overruled, and he appealed on the assignment of errors disclosed in the opinion of this court.

*John L. Dyer*, for the appellant.

1st. This conviction was for rape. On the trial the district

judge failed to give in charge to the jury the statutory defi-
nition of "force," as applicable to the offense, and the
amount of such force absolutely requisite in such cases.
1 Pasc. Dig., Art. 2185.  Force being an essential ingredient of the offense—the very key-stone thereof, it may be
said—a charge which omits to explain and define it to an
unlearned jury is fatally defective, in that "the law appli-
cable to the case" has not been distinctly set forth.  1 Pasc.
Dig., Arts. 3059 and 3060 ; *Marshal* v. *The State*, 40 Texas,.
200 ; *Thomas* v. *The State*, 40 Texas, 43.

And it is immaterial whether the charge was asked or
not.  Id.  *Fulcher* v. *The State*, 41 Texas, 233.  Or
whether defendant excepted to the charge or not, because
"such omission was calculated to injure the rights of the
defendant."  *Bishop* v. *The State*, 43 Texas, 396.

The omission was fatal to the verdict, and it ought to
have been set aside.

2d. Another error in the charge may be found in clause
3, wherein the jury are instructed that the chastity of the
prosecutrix might be considered "in determining the weight
and credibility to be attached to her testimony, or its prob-
able truth or falsity in reference to the commission of the
alleged offense."  This is not the law.  The chastity of
the woman raped may be impeached "for the purpose of
raising the presumption that she yielded her assent, and was
not in fact forced."  *Pefferling* v. *The State*, 40 Texas,.
486.

This error was material, because, under the general terms
of the charge, the jury were precluded from the presump-
tion, in the event of concluding that appellant did the act,
that the woman assaulted gave her consent.  In other
words, this portion of the charge confined the jury, in case
they believed the woman, to a disbelief of her *whole* testi-
mony, and did not allow them the liberty of finding from

the testimony that defendant had carnal kowledge of her person, *but with her consent.*

3d. The evidence is not sufficient to support the verdict. The prosecutrix, a colored woman, says herself that she did not use her arms in an honest attempt to free herself, and that, although defendant choked her severely, she felt no bruises or soreness about her throat. She says that she, on the evening of the alleged rape on her, left Waco with the witness Simon Greenwade, and traveled part of the way with him. The witness Simon Greenwade denies this statement *in toto*, and says that prosecutrix tried to induce him to testify that it was appellant who committed the offense charged. And the very parties that she testifies she caught up with on her way down the railroad all testify that appellant never left their presence, and could not have committed the deed. The witness Tennessee Thompson, on coming up and hearing her complaints of appellant, told her it was impossible that it could be the accused, for he left him in town.

The whole evidence of the prosecutrix bears upon its face an air of improbability, which, added to the material contradictions by other witnesses, should have led to a different verdict. We cannot but think that, under a charge applicable to the facts of the case, and allowing a proper legal latitude to the jury, their finding would have been different. And, further, admitting for the sake of argument that the prosecutrix was raped, it is respectfully submitted that at the time thereof she failed to identify appellant as the person committing the offense; for in her testimony she says when he overtook her she did not know him, but asked of him where he lived, and she said she had not seen him but few times; and when she complained of the offense to the witness Tennessee Thompson, and when asked by said witness who the person was, she said it was "some old man,"

and afterwards said " she *believed* it was that fiddler, Albert. Jenkins," the appellant; thus showing, at the very time when she should have had the best impression as to the person, that she was in doubt.

*George McCormick*, Assistant Attorney General, for the State. The charge given by the court may have been defective in not charging as to the force necessary in offenses of this kind, but it is not an error of sufficient importance to require a reversal of the case. *Ross* v. *The State*, 29 Texas, 499.

Appellant complains that the court did not charge the statutory definition of force, as applicable to this offense. Pasc. Dig., Art. 2581. "The definition of force, as applicable to assault and battery, applies also to the crime of rape," etc. Is it necessary, in trials for assault and battery, to give the statutory definition of force?

Bishop on Criminal Law, volume 2, section 1120, lays down the rule " that whenever there is a carnal connection without anything which can be deemed a consent, where there is neither a consent fraudulently procured nor any other sort of consent, by the woman, there is evidently in the wrongful act itself all the *force* which the law demands as an element of the crime."

The proof in the case at bar showed there was a carnal connection, without consent and by force; therefore, no charge as to the force necessary to perpetrate the crime was required. The proof of the want of consent was the proof of the force.

The court having given the jury the law of the case, it was not necessary to tell them that the force must be such as would overcome resistance, taking into consideration the relative strength of the parties—especially as the evidence did not warrant the charge, the fact of the force being overwhelmingly proved.

We refer the court to subdivision 2 of Article 3137, Paschal's Digest, which recites, as the cause for granting a new trial in felony cases, " where the court has misdirected the jury as to the law, or has committed any other *material* error calculated to injure the rights of the defendant.''

It cannot be urged that the portion of the charge complained of was such a material error as would have injured the rights of the defendant ; neither can it be said that, by omitting to give the charge upon *force*, the court misdirected the jury.

The law was given as laid down in the statutes ; no other charge was asked, and the one given was not excepted to at the time.

Upon this point, after an examination of *Bishop* v. *The State*, 43 Texas, 390, we understand the chief justice to mean that when, upon the trial of a felony cause, a bill of exceptions is then taken to the charge of the court, upon appeal it would be the duty of the supreme court to examine the points thus saved, and if, upon such examination, the court were of opinion that the charges given *may* have prejudiced the case of the defendant, then to reverse and give him a new trial, but that the rule is entirely a different one when no exceptions are taken to the charge, and in the latter case the supreme court would only look to the fact whether or not the erroneous charge did actually prejudice the case of the defendant, and, if not, though the charge was clearly wrong, the case would not be reversed.

In practice the interpretation given above will be of vast importance in settling the legal effect of charges not excepted to at the time, as in the case at bar. This case would then come within the rule governing charges not excepted to, and if it is not apparent to the court that the charge complained of, though erroneous, *did* actually prejudice the rights of appellant, he cannot now complain.

Some plain, definite rule should be laid down by the

court as to the effect of charges not excepted to ; for if the loose way heretofore prevailing be continued, we may bid farewell to bills of exceptions entirely, defendants feeling that it is safer not to point out errors to the court below, but to speculate upon their chances for reversal here.

The court did not err when he said the chastity of the woman raped might be impeached for the purpose of testing the weight and credibility of her testimony ; for at last that is exactly the purpose, when she has sworn that she was forced and did not consent.

The proposition stated by counsel amounts to the same thing. He urges that the object of impeaching the chastity of the witness is to raise a presumption that she yielded her consent, and was not in fact *forced*. Then, of course, when the presumption is raised that she *consented*, it is also raised that her testimony about being forced is false.

The difference between the charge given and the one urged by counsel is a distinction without a difference. The rule laid down in *Rodgers* v. *The State*, at the Austin term of this court, does not affect the point.

We think a careful perusal of the statement of facts will convince the court that the evidence was amply sufficient to warrant the verdict.

Those who attempted to show the *alibi* were the boon friends and companions of the criminal ; were drinking and frolicking on their way to a party. They contradicted each other as to the drinking. One of them had said before that he saw the woman who was outraged pass them ; that he proposed to go with her, but that appellant got up and said he would go, and did follow the woman off; but he denied this statement on the stand. The attempt at the proof of the *alibi* was formidable only in numbers of witnesses and oaths ; but the honest jury who heard them testify and looked into their faces and at their movements when upon

the witness-stand, did not *believe* them, but placed a proper value on their oaths.

The testimony of the woman outraged was straightforward, probable, reasonable, and borne out by all the circumstances connected with the fact.

Her cries were heard by three persons, just as she stated she uttered them ; by one of the witnesses before the deed, and all three afterwards. She was sobbing and crying when the witnesses found her ; she pointed out to them the fleeing perpetrator of the crime ; she fully identified him. His attempt at an *alibi*, the favorite defense of *villains*, was fatally defective, because it did not preclude the possibility of his being the guilty party, or raise a reasonable doubt in the minds of the jury.

WINKLER, J. The appellant was tried and convicted in the district court of McLennan county on a charge of rape, alleged to have been perpetrated on one Laura Austin, in said county of McLennan, on the 8th day of January, 1876, and has appealed to this court, and seeks a reversal of the judgment rendered against him on the following assignment of errors :

1st. The court erred in its charge to the jury.

2d. The court erred in its charge to the jury in omitting to give the law of the case in reference to the statutory definition of " force," as applicable to the offense of rape.

3d. The court erred in overruling defendant's motion for a new trial.

4th. The court erred in overruling defendant's motion in arrest of judgment.

5th. And because the verdict of the jury is contrary to the law and the evidence.

The errors assigned will be considered, so far as necessary, in their order.

The 1st error assigned is identical with the 1st ground set out in the motion for a new trial, and relates to the charge of the court as given to the jury. The charge complained of by counsel for the appellant we find embodied in the transcript of the record in these words:

" 3d. No matter how loose in morals or unchaste in behavior a woman may be, it will not excuse or justify, or even palliate, an offense in any man in forcibly violating her person against her will; but, if a woman charges that any person has committed a rape upon her body, the defendant has a right to put in issue evidence as to the character of the female as to her chastity—not for the purpose of justifying or excusing the commission of the offense charged, if the jury should find that one was committed, but the jury may take into consideration whatever evidence may be before them as to her chastity or want of virtue, in determining the weight and credibility to be attached to her testimony, or its probable truth or falsity in reference to the commission of the alleged offense."

In order that the applicability of the charge to the evidence may appear, we extract from the statement of facts such portions as relate to the chastity of the prosecutrix.

Laura Austin, witness for the state, the person upon whom the rape is alleged to have been committed, on cross-examination says: " I am not a married woman; I never have been married; I have one child."

Monroe Truett, state's witness, says: "Her general character for chastity is ' unproper.' "

Amanda Whitaker, state's witness, says: "I know the general reputation of Laura Austin for chastity in the community in which she lives; it is good." •

The law on the subject of impeaching the character of the female upon whom a rape is charged to have been committed—when the alleged offender is on trial for the offense—

as to the object of the inquiry and the manner of making it, as well as the effect to be produced, has been concisely laid down in the opinion of our supreme court in the well-considered case of *Pefferling* v. *The State*, 40 Texas, 489, as follows: "Unquestionably, in trials for rape, or assaults with intent to commit rape, the character for chastity of the female alleged to have been injured may be impeached—not as evidence of justification or excuse for the offense, but for the purpose of raising the presumption that she yielded her assent, and was not in fact forced."

The charge complained of is erroneous in that it does not explain to the jury the object of inquiry into character; meaning that the object is for the purpose of raising the presumption that she had unresistingly yielded her assent to the alleged criminal intercourse, and that she was not in fact forced to yield.

The evidence by which the character of the prosecutrix is attempted to be impeached must be by general evidence of her reputation in that respect, and not by evidence of particular acts of unchastity. She cannot be interrogated as to a criminal connection with any other person, except as to her previous intercourse with the prisoner himself. Evidence of other instances is inadmissible. 3 Greenl. on Ev., sec. 214; 2 Starkie on Ev., part 1, p. 305; *Dorsey* v. *The State*, decided by this court at Austin, 1876, *ante* p. 33. See the subject discussed in *Pefferling* v. *The State*, above referred to, and authorities there cited, 40 Texas, 489.

It must be remembered, however, that this right of impeaching the character of the injured person for chastity is intended to benefit the accused by raising, as above stated, the presumption that she had not been forced. We may further remark that whilst the charge, as given, was erroneous in the particular above stated, yet we are of the opinion that the error committed inured to the benefit of the accused,

and that he ought not to be heard to complain; and on this account alone we would not feel warranted in reversing the case.

The 2d error assigned—the failure to charge as to force—however, we are of the opinion is more injurious to the rights of the accused, as must be manifest from a careful consideration of the several statutory provisions on the subject. Rape is defined by the statute to be the carnal knowledge of a woman without her consent, obtained by force, threats, or fraud, etc. Pasc. Dig., Art. 2184.

The definition of force as applicable to the crime of rape, as required by statute, is: "It must be such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case." Pasc. Dig., Art. 2185.

The indictment in this case, if it charges the offense of rape at all as having been committed in any manner known to the law, charges that the criminal purpose was effected by force. The mind naturally inquires, what kind of force, and what amount of force, makes the act criminal in contemplation of law?

The statute answers the question by saying it must be such force as might reasonably be supposed to overcome such resistance as the party assailed was able to make, under the circumstances by which she was surrounded, and the relative strength of herself and her assailant.

In this case it became necessary for the jury to make this inquiry, in order to determine the guilt or innocence of the accused, and they should have been guided in making the inquiry by a proper charge as to the amount and character of force which would render the act criminal, and a failure so to charge was a material error, injurious to the rights of the accused; and, the attention of the court having been directed to the subject in the motion for new trial, the error should have been corrected and a new trial granted.

To maintain an indictment for rape, says Mr. Archbold, the prosecutrix must prove, 1st, penetration; 2d, that it was done by force, and against her will. Cr. Pr. & Pl. side page 305.

In prosecutions of this character something further is necessary than to show a failure of consent merely; there must be resistance made by the party assailed in a charge of rape by force. What amount of resistance would be required would depend on the circumstances surrounding her at the time and the relative strength of the parties.

In this case a proper charge was requisite, as before stated, because it was a part of the law of the case as made by the indictment and the proof, and, being a felony, the charge should have been given, whether asked or not. Pasc. Dig., Art. 3059.

On this subject we extract from an opinion of our supreme court, by Mr. Justice Reeves, the following, being peculiarly applicable here: "No instructions were asked by the defendant, nor was the charge, as given, excepted to or assigned as error, except in so far as it may be considered as being embraced in the assignment alleging error in overruling the motion for new trial on the ground that the verdict was contrary to law. And it is now insisted that the objection to the charge comes too late. In felony the law applicable to the case must be distinctly set forth in the charge, whether asked or not." *Sanders* v. *The State*, 41 Texas, 307.

So here, the charge as given was not excepted to at the time, nor were additional instructions asked. The omission is set out in the motion for new trial, and the ruling of the court on the motion for new trial is assigned as error.

In *Fulcher* v. *The State*, 41 Texas, 233, it is said: "Being a felony, the law, as applicable to the facts of the case in reference to the charge in the indictment, should have been given to the jury, whether asked or not."

In *Lopez* v. *The State*, 42 Texas, 300, it is said : " The charge set forth in the indictment, and the facts in evidence, determine, when attentively considered, what is the law applicable to the case." See, also, *Bishop* v. *The State*, 43 Texas, 390.

We have not deemed it necessary to notice further the errors assigned, but, inasmuch as the case must be reversed, we call attention of the counsel for the state to an objection raised to the indictment—in effect, that it does not charge the offense of rape in plain language—and remark that in the copy before us it may be that the omission of a word probably causes the difficulty. Does it clearly appear who committed the rape?

Because of error in the failure of the court to charge the law applicable to the case, as above indicated, the judgment of the district court is reversed and the cause remanded.

*Reversed and remanded.*