## WILLIAMSON v. POWELL.

(Court of Civil Appeals of Texas. San Antonio. · Oct. 11, 1911.)

**1. APPEAL AND ERROR (§ 736\*)—MULTIFARIOUS ASSIGNMENTS OF ERROR.**

A multifarious assignment of error will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. §. 736.\*]

**2. CONTRACTS (§ 175\*) — BREACH—DAMAGES—EVIDENCE.**

A well contractor, suing for damages sustained under a·well contract, could show damages through the owner's delay in furnishing material, even if the owner had a reasonable time in which to furnish it, since the question of reasonable time was for the jury, in connection with the evidence.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 766; Dec. Dig. § 175.\*]

**3. APPEAL AND ERROR (§ 742\*) — REVIEW — SCOPE.**

Objections to an instruction cannot be considered beyond those specified in the proposition under the assignment of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.\*]

**4. DAMAGES (§ 23\*)—BREACH OF CONTRACT—ITEMS RECOVERABLE.**

The principle that one cannot recover special damages for breach of contract, unless the other party knew, at the time of its execution, of the loss that might be expected from the breach, does not affect recovery by a well contractor for reimbursement for wages and board

---

of his crew, etc., while idle, waiting for material which the owner delayed furnishing.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§. 58, 62; Dec. Dig. § 23.*]

**5. APPEAL AND ERROR (§ 216*)—SUBMISSION OF ISSUES—OBJECTION BELOW—NECESSITY.**

If, in an action for breach of contract, the evidence raises an issue as to diligence by plaintiff to minimize his loss, defendant should request a charge thereon, and cannot complain of failure so to charge, unless he does.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 627.]

**6. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.**

In an action on a contract, any error in an instruction stating that performance was required of defendant by a certain date was harmless, where the jury found for defendant on the particular issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228; Dec. Dig. § 1068.*]

**7. CONTRACTS (§ 213*) — ACTION — INSTRUCTIONS.**

In an action on a well-drilling contract, which required defendant owner to furnish material, but by no particular date, an instruction that a contract did not require defendant to have the material on the ground at any specified time, and that hence he was not liable for delay, was properly refused, since he was bound to furnish the material when needed, or at least within a reasonable time, or with due diligence.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 213.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by J. H. Powell against George E. Williamson. Judgment for plaintiff, and defendant appeals. Affirmed.

Carpenter & Wilson, for appellant. Linn, Conger & Austin, for appellee.

JAMES, C. J. The parties herein, on November 28, 1908, made a contract, by which Powell agreed to make two wells for Williamson for the price of $2 per foot, the wells "to be made to a depth of 550 feet or to the second stratum of the artesian water, with 12-inch casing, and the balance of the depth to be made with an 8-inch casing, is to be commenced not later than the 5th of December, 1908, and to be done in a good workmanlike manner and pushed to completion by party of the second part," and further "to furnish his own fuel oil and to haul same and build derricks and to guarantee these wells to be equal to the average of the surrounding wells."

Williamson agreed "to furnish all material needed in the construction of said wells, such as all necessary casing, screenings and material for one derrick for each well and to do the hauling of all machinery and materials necessary for the completion of the work." It was further agreed that Williamson "is to advance to the party of the second part $500.00 which is to be credited on the first well, and when the first well is completed the party of the first part is to pay the party of the second part $2.00 per foot for said well without delay."

Appellee Powell brought this action, alleging the contract, and alleging in substance that defendant failed to haul plaintiff's machinery and apparatus to the site of the first wells to be bored, and that plaintiff was compelled to do so at the expense of $50, completing said hauling on December 13, 1908, and on January 7, 1909, he completed the first well to the depth of 521 feet to the artesian stratum, and was then ready and anxious to place the casing therein and complete the well for washing and testing; that, though under the contract the casing should have been on the ground, in order for it to be rushed to completion and to protect the well from caving, defendant failed to have it there when so needed, whereby plaintiff was compelled to suspend operations and permit said well to remain uncased, and to hold his crew and machinery idle for 27 working days and until about February 10, 1909, waiting for the casing, and causing great additional damage and loss of time by the caving in of said well, to plaintiff's damage, $675; that on March 25, 1909, when said well was ready for the washing and placing of the pit and pump therein, and a Lane & Bowler interlocking steel pit and pump had been placed upon the ground, to be placed in said well, and the use of the same would have permitted the sinking of the well to any depth desired by defendant, defendant refused to permit said pit and pump to be used, and thereafter, after plaintiff being thus caused a delay of three days at an expense of $75, defendant delivered for use in said well a Gray pump in lieu thereof; that on April 3, 1909, plaintiff completed said well in accordance with the terms of the contract, and placed the Gray pit and pump therein, and pumped and tested said well, and proved an exceptionally good well, and defendant thereupon received and accepted said well, and promised to pay plaintiff therefor, and then and there discharged plaintiff from all further obligation to sink the second well, and promised to pay plaintiff $2 per foot for the 521 feet, the depth of said well, less the sum of $500 advanced, leaving a balance of $542 of the contract price.

The petition claimed damages for the said sums of $542, $75, $675, $5, and the further sum of $150, for the sinking and setting of the Gray pit and pump, which defendant promised to pay, and which was a reasonable charge therefor, making in all $1,492. Certain persons joined the plaintiff as interveners.

The defenses need not be stated, unless it may be necessary to do so in passing on the assignments of error. There was a verdict for plaintiff for $542, balance of the contract price, $270 for 27 days delay in waiting for

materials, and $75 for three days holding the crew waiting for the pit and pump.

[1] The first assignment of error is multifarious, and its consideration cannot be expected under the rules.

We overrule the third assignment of error; to sustain it would be to hold that a party has to plead his evidence.

[2] The fourth assignment is as follows: "The court erred in permitting Powell to testify as to the damages sustained by him in having to wait 27 days for casing and screens, because the contract did not obligate defendant to have said material on the ground at any particular time." Appellant's proposition is that, where time is not of the essence of a contract, the law allows a reasonable time for performance. Tested by this proposition, the court committed no error in the ruling. If, as contended, defendant had a reasonable time in which to furnish the casing and screens after needed for the prosecution of the work, there still was no error in admitting the testimony, because the question of reasonable time would be matter for the jury to consider in connection with the evidence.

[3-5] The eighth assignment complains of the following charge: "If you believe that plaintiffs got the well ready for the casing, and that defendant failed to provide it when needed, and that plaintiffs were compelled to hold their crew and machinery idle, waiting for the delivery of such casing, to their injury, then plaintiffs would be entitled to recover from defendant such sums as will compensate them for the wages and board of the crew and the reasonable value of the machinery compelled thereby to remain idle, while the same was idle." The objections to this charge cannot be considered by this court beyond what are specified in the propositions. The propositions are: First. "A party cannot recover special damages for breach of contract, unless his adversary had notice, at the time of its execution, of the loss that might be expected from its breach." The charge is not subject to such objection. Defendant by his contract obligated himself to furnish the casing for the work, and must have anticipated that his default in that respect would delay the progress of the work and cause plaintiff damage in the suspension of the work. The second proposition is that: "It is the duty of a party claiming damages to use diligence to minimize his loss." If the testimony raised such an issue, defendant should have requested a charge thereon in connection with the evidence.

The tenth assignment complains of the following charge: "If you believe from the evidence that the first well was completed by plaintiff and interveners in compliance with the contract, and that the well was equal in flow to the average of the surrounding wells then in existence, and you further believe that at the time of such completion of the first well, if it was so completed, that the defendant failed and refused to pay the balance of the contract price due thereon, and failed to provide the lumber for the derrick for the second well, and failed to provide and place the materials necessary to the making and completion of the same on the ground, and failed to mark or indicate the location of the said second well and notify plaintiff and interveners thereof, then you are instructed that the plaintiff and interveners were not required to go further in the execution of the contract, and could not proceed to enforce same for liabilities created in the sinking of the first well." The proposition is that: "When one party seeks to justify abandonment of a contract, or a discharge from performance of the same, on account of the failure of the other party thereto, he must allege and prove an offer or ability to perform his part thereof;" and appellant words his contention as follows: "Plaintiffs never having furnished the first well, the occasion never arose for lumber for derricks for the second well, nor for designating the spot where it should be bored." Defendant pleaded failure of performance by plaintiff, and introduced testimony to establish same, and pleaded in reconvention. Plaintiffs alleged and proved performance on their part and sufficient matter to excuse them from proceeding with the second well; therefore there is no merit in the proposition.

[6] The eleventh complains of the following instruction: "You are instructed that the defendant was obligated at his own cost to haul and deliver at the well all machinery, casing, and material necessary for the building of the derrick and the sinking of the well, and to have such services performed on or before December 5, 1908, and if you believe from the evidence that defendant failed, in whole or in part, to haul said machinery and materials necessary to the completion of said well, and that plaintiff and interveners were compelled to haul same and place it at said well for use, in order to comply with their contract, then you will find for plaintiff and interveners for the reasonable value of the hauling done by them, if any, in such sum as will compensate them for such service." The proposition under this assignment is: "To make time the essence of a contract, express and apt words must be used in declaring the intention." The assignment itself claims that the charge erroneously interprets the contract in instructing the jury that it obligated defendant to have all material and machinery on the ground before December 5, 1908. The charge was perhaps unfortunate in stating in the preliminary part of it that the contract required defendant to have the casing on the ground by December 5th. But the charge had in view a finding on the item of hauling the material, and it will be seen that on that item the jury found for the defendant. It is not probable that the jury were

misled to defendant's prejudice on the issue of delay in furnishing casing by the statement complained of in this particular charge, especially when the issue of delay in furnishing the casing was submitted by a separate and specific instruction on that subject (quoted above under the eighth assignment), authorizing damages in favor of plaintiff, if defendant failed to furnish the casing when needed.

[7] The twelfth complains of the refusal of this charge: "The written contract does not require defendant to have the casing for the well upon the ground at any specified time; hence he cannot be held liable for damages for delay in placing same upon the site where the well was sunk, and your verdict should be for defendant on that issue in the case." The contract did require defendant to furnish the casing when needed, or at least did require of him to do so in a reasonable time, or with due diligence, having reference to the necessity of same in the progress of the work. The requested instruction would have amounted to a peremptory charge on the issue, because it is clear that the contract did not specify a time for the delivery of the casing.

The thirteenth assignment, complaining of the refusal of a new trial, is overruled.

In the preparation of this opinion, we have confined ourselves to the points as they are made in appellant's brief. There being no error in what is presented in the brief, the judgment is affirmed.