BROWDER et al. v. MEMPHIS INDEPENDENT SCHOOL DIST. et al.
(No. 682.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 28, 1914. Rehearing Denied Dec. 19, 1914.)

1. COURTS (§ 64*)—DISTRICT COURTS—SPECIAL TERMS — JURISDICTION — STATUTORY PROVISIONS.

Acts 1905, c. 83 (Vernon's Sayles' Ann. Civ. St. 1914, § 1720), providing that whenever it may become advisable in the opinion of the district judge to hold a special term of the district court, in any county, he may order it, authorizes the district judge to call a special term to try cases of general interest and in which the public welfare is involved, regardless of the condition of his docket, and may call a special term to try a taxpayer's suit to cancel school district bonds brought before the term is called.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 218–229; Dec. Dig. § 64.*]

2. COURTS (§ 64*)—DISTRICT COURTS—SPECIAL TERMS — JURISDICTION — STATUTORY PROVISIONS.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1723, providing that no new civil case can be brought to a special term, does not apply to a suit brought before the special term is called, but prohibits one from filing a suit naming a special term in the petition, and have process issued returnable to the special term.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 218–229; Dec. Dig. § 64.*]

3. APPEAL AND ERROR (§ 742*) — QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

Rulings on evidence not presented by assignments of error or propositions thereunder, as required by Court of Civil Appeals Rules 24, 25 (142 S. W. xii), will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 1057*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Where, in a suit by taxpayers to cancel school district bonds on the ground that the amount of taxes authorized by law on the valuation would be insufficient to pay interest and provide for a sinking fund, the uncontradicted evidence established the value of the taxable property in the district at such amount as was sufficient to provide for interest and a sinking fund within the constitutional tax rate, the error, if any, in permitting witnesses to testify while using rolls presented to the equalization board of the district by the assessors as to the value of the property in the district was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4199, 4205; Dec. Dig. § 1057.*]

5. APPEAL AND ERROR (§ 736*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error that the court erred in overruling motion for new trial for errors previously assigned set out and made a part of the motion, and because the verdict and judgment are not supported by evidence as shown by an assignment of error referred to and made a part of the assignment, is multifarious and too general to be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3028, 3029; Dec. Dig. § 736.*]

Appeal from District Court, Hall County; J. A. Nabers, Judge.

Action by John Browder and others against the Memphis Independent School District and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Moss & Leak and H. D. Spencer, all of Memphis, for appellants. Presler, Thorne & Hamilton, of Memphis, for appellees.

HALL, J. This action was brought by John Browder and John Gibson, appellants, against the Memphis Independent School District, and the trustees thereof, to cancel and set aside the order of the trustees of said district, ordering the issuance of bonds to the amount of $40,000, and for the cancellation of said bonds. Appellants, in their petition, allege that they are property owners and taxpayers in the school district; that on the 3d day of December, 1913, the school district was duly organized, including the city of Memphis, and the surrounding territory, to the extent of about 25 square miles; and that during the month of August, 1913, at the called session of the Thirty-Third Legislature, the original district was by an act of the Legislature enlarged so as to include in said district land and territory lying immediately east and northeast and adjacent to said district, aggregating about 18 square miles; that prior to the 3d day of December, 1913, and on said date, there was outstanding against said district school district bonds approximating $15,000; that a tax upon the taxable property of said district had been and was being assessed, levied, and collected for the purpose of providing a sinking fund sufficient to pay the said bonds at maturity, and also for the purpose of paying the interest annually on said bonds, as it should accrue; that most, if not all, of said $15,000 bond issue is still outstanding against the district, and there was also being assessed, levied, and collected a regular maintenance tax; that the aggregate of said bond tax and maintenance tax so assessed, levied, and collected was the constitutional limit of 50 cents on the $100 valuation of the property in said district; that on said 3d day of December, 1913, the said trustees held an election previously called to determine whether or not there should be issued schoolhouse building bonds to the extent of $40,000 and whether or not there should be annually assessed, levied, and collected a tax sufficient to pay the interest annually as it accrues, and to provide a sinking fund sufficient to pay said bonds at maturity, which said election resulted in favor of the issuance of said bonds and of the assessment, levying, and collecting of sufficient taxes to pay the interest annually and to provide a sinking fund to pay off said bonds at their maturity; that a tax of 15 cents on the $100 valuation was levied by said defendant trustees upon the taxable property of the district, and said property has been assessed, and there is and will be an attempt to collect said illegal tax; that there was already a tax of 15 cents on the $100 valuation of property in said district, being assessed, levied, and collected; that the 15 cents so levied was in excess of the amount allowed by the Constitution for bonding and maintenance purposes; that there was no legally authorized tax assessor appointed by the trustees of said district to make an assessment of the taxable property within the limits of said district, and there was never any assessment of the property in said district made by any assessor of taxes for the district, but that in making out the rolls used by said district the assessor's rolls of the county of Hall and state of Texas, or a copy thereof, was used; that the tax collector of Hall county, Tex., was and is collecting the taxes due the said district, there being no legally authorized assessor and collector of taxes for said dis-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

trict. It is further alleged that the board of equalization appointed by the trustees, in equalizing the valuations of property in the district, used the rolls made out by the county assessor of Hall county; that said board assumed to and did raise the valuations fixed by the state and county, as shown by the assessor's rolls of the taxable property in said school district, to an extent of at least 50 per cent. over and above the valuation so fixed by the state and county for taxable purposes, and this excess of 50 per cent. was fixed in estimating the value of the taxable property in said school district to determine the rate of taxes to be levied by the defendant trustees of said district for maintenance and bonding purposes; that the valuation of 50 per cent. over and above the state and county valuation was wholly void; that it was used by said trustees in estimating the value of the taxable property upon which to base the issue of bonds to the amount of $40,000; that the amount of taxes on the $100 valuation authorized by law to be levied by said trustees, estimated on the values fixed by the state and county, by which said defendant district was bound, is and would be insufficient to pay the amount of said bonds so voted and issued by the defendant trustees; and that to pay same at maturity a tax in excess of the amount authorized by law would be required.

The defendant answered by general demurrer, special exceptions, general denial, special denial, and alleged further that the total valuation as shown by the assessment rolls for the year 1913, as approved by the board of equalization, is $2,062,656, and say that said valuation is not in excess of the fair market value of said property; that a large per cent. of the taxes as shown by said rolls have been paid; that the valuation of the property included in the territory added to the original district by the special act from Hall county, as shown by the assessment rolls for said county, for the year 1913, is $28,800, and that added from Collingsworth county, as shown by the assessment rolls of said county for the year 1913, is $41,488, and that said amounts are less than the fair market value of said property, making a total valuation in said district of $2,133,221; that the valuations of the district were fixed by a duly appointed and qualified board of equalization for said school district. The defendant also alleged that a tax of 15 cents on the $100 valuation of the property in the district as enlarged was levied for the year 1914, by the order authorizing the $40,000 bond issue to provide interest and sinking fund; and that no tax whatever for the year 1913 was levied or attempted to be levied in connection with said bonds. And it was further alleged by defendants that on about the 20th day of January, 1914, plaintiffs filed an application in the district court of Hall county for

a writ of injunction to restrain the sale of the $40,000 bond issue in controversy, charging that the bonds were procured by a fraudulent order entered by said school board; that the tickets found in said election were forgeries; that when said cause came on to be heard in term time or on about the 20th day of January, 1914, the same having been considered by the court, and evidence having been heard upon the allegations of fraud and forgery, and the court having indicated his findings against the plaintiff on both issues of fact and suggested his purpose of denying the writ of injunction and entered up a judgment against plaintiffs on said issues, plaintiffs thereupon took a nonsuit; that thereafter on the 21st day of January, 1914, said district court adjourned its regular term. Forthwith on the 23d day of January, plaintiffs filed this cause, abandoning their allegations of fraud and forgery in the issuance of said bonds. Defendants further alleged that both suits filed by plaintiffs were for the express purpose of harassing defendants, and for delay to prevent the sale of said bonds, and to prevent the construction of the building and improvements, and prayed specially for the court to enter its judgment declaring said bonds to have been issued according to law and to decree them legal and binding obligations upon the school district.

[1, 2] The first error assigned is that the court erred in overruling and in not sustaining the plaintiff's plea to the jurisdiction of the court to try the case at a special term. Two propositions are urged, as follows:

"(1) No new civil case can be brought to a special term of the district court. (2) Only undisposed of civil cases which the district court had jurisdiction to try and dispose of at a previous regular term of said court can be tried and a valid judgment entered at and during a specially called session of said court, there being no statutory authority giving the district court jurisdiction to try a new civil case whose process is issued to a subsequent regular term of said court at a specially called session of said court."

The original act of 1879, Sayles' Civil Statutes, 1897, art. 1113, provides that:

"In any county in this state where it may become necessary in the opinion of the district judge of the district in which said county is situated, on account of an accumulation of business, which cannot be disposed of in the time provided for the regular term of the district court, there may be held a special term," etc.

By the Acts of 1905, p. 116, a radical change was made in the old law, and it is now provided that whenever it may become advisable, in the opinion of the district judge, to hold a special term of the district court, in any county, he may order it. Under the amendment, we think the district judge is authorized to call a special term of the court to try cases of general interest, and in which the public welfare is involved, regardless of the condition of his docket, and the amendment, in our opinion, was enacted to meet

such emergencies and conditions as we now have in this case. In providing that no new civil case can be brought to a special term of the district court (article 1723, Vernon's Sayles' Civil Statutes), the Legislature, we think, intended that after a special term had been called no one would be allowed to file a suit naming such special term in the petition, and have process issued, returnable to the special term, and that the article does not apply to a suit brought before the special term has been called. This action was brought to the June term, 1914.

What is here said disposes of appellant's first two assignments.

[3] The third, fourth, fifth, sixth, seventh, eighth, and ninth assignments are based upon the action of the court in overruling objections to the evidence of certain witnesses. As shown by the bill of exceptions, the following is an illustration of the proceedings: "Q. State whether or not the total value of the property of this independent school district roll exceeds the fair market value of the property in this district? A. I don't think so. I don't think, to take it all around, the total would exceed 75 per cent. of the total value; that is, 75 per cent. on the market value. The plaintiff objected to this testimony for the reasons: First, because the same is immaterial and irrelevant and does not tend to throw any light on any issue in this cause; second, because the question calls for a conclusion of the witness; third, that the fair market value as might be testified to by this witness is not and cannot be the proper basis upon which to base a levy of taxes to support a bond issue."

In the argument following these assignments, appellant insists that this evidence was not admissible to prove the value of the property sufficient to support a bond issue of $40,000, and that a regular assessment by the assessor and collector of the school district should have been shown, and the valuation appearing from his rolls was the only valuation contemplated by the Constitution. We are not called upon to pass upon these questions; in fact, they are not presented for our consideration either by the assignments or the propositions thereunder, as is required by Court of Civil Appeals Rules Nos. 24 and 25 (142 S. W. xii).

[4] It appears from the statement of facts that the rolls presented to the equalization board of the district by the assessor were introduced in evidence and used by the witnesses in giving their testimony. The total amount of the taxable property, according to the valuation, was shown, without objection, to be considerably over $2,000,000. Allegations of both parties, as contained in their sworn pleadings, were introduced without objection, which also established this fact. If the assessor's rolls were not based upon valid and legal assessments, this objection was not urged in the trial court. The uncontradicted evidence before us establishes that the value of the taxable property in the district is sufficient to provide for interest and a sinking fund at the rate of 15 cents on the $100 valuation, as ordered by the trustees. Therefore, if the admission of the testimony of the witnesses Reed and Webster was error, it was harmless. We think the court did not err in directing a verdict.

[5] The twelfth assignment, "The trial court erred in overruling the motion of plaintiffs for a new trial, in this cause, on account of the errors hereinbefore assigned, all of which was set out and made a part of said motion, and because the verdict and judgment is not supported by the evidence, as shown by the tenth assignment of error, which is here referred to and made a part of this assignment," is multifarious and manifestly too general to merit consideration. Under this assignment are submitted the propositions under previous assignments. Referring to the propositions under the former assignments, we think none of them are germane to the assignments which they follow, and certainly not to this assignment.

The judgment is affirmed.