GRANT et al. v. GRANT. (No. 1669.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 16, 1916. Rehearing Denied Nov. 23, 1916.)

1. APPEAL AND ERROR ☞722(1)—ASSIGN-MENTS OF ERROR—MOTION FOR NEW TRIAL.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, and rule 24 for Courts of Civil Appeals [142 S. W. xii), the grounds set up in the motions for new trial constitute the assignments of error on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990, 2994–2996; Dec. Dig. ☞722(1).]

2. APPEAL AND ERROR ☞742(1)—ASSIGN-MENTS OF ERROR—SUFFICIENCY.

An assignment of error not followed by propositions, as contemplated by rule 30 (142 S. W. xiii), need not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ☞742(1).]

3. APPEAL AND ERROR ☞741—REVIEW—AS-SIGNMENTS OF ERROR—MULTIFARIOUSNESS.

An assignment of error, complaining that the court erred in overruling appellant's motion for new trial because the judgment was contrary to the law and against the evidence and the findings of the jury and on account of newly discovered evidence, is plainly multifarious and bad.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3037, 3038; Dec. Dig. ☞741.]

Appeal from District Court, Upshur County; R. M. Smith, Judge.

Action by Fannie Grant against Anthony Grant and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Appellant Parker Grant and appellee were husband and wife. Appellant Anthony Grant was the son of Parker Grant and stepson of appellee. The land in controversy was 100 acres of the William King survey in Upshur county and half an acre of the G. B. King survey in Wood county, which had been conveyed by the owners thereof to Anthony Grant. Appellee claimed that the 100-acre tract was paid for with money belonging to her separate estate furnished by her to Grant Parker, who, instead of having same conveyed to her as he agreed to do, had same conveyed to Anthony Grant; and that the half-acre tract was paid for with money belonging to her said estate furnished by her to Anthony Grant, who, instead of having it conveyed to her as he agreed to do, had it conveyed to himself. · Her suit was against Anthony Grant and Parker Grant to recover the two tracts of land, on the theory that she was the real owner thereof and that the former held the legal title thereto in trust for her. Appellant J. S. Barnwell, to whom, after the institution of the suit, Anthony Grant conveyed the 100-acre tract, was made a party defendant at the instance of said Anthony Grant. The appeal is by Parker and Anthony Grant and Barnwell from a judgment granting appellee the relief she sought.

J. S. Barnwell, of Gilmer, for appellants. Warren & Briggs, of Gilmer, for appellee.

WILLSON, C. J. (after stating the facts as above). [1-3] Each of the appellants filed a motion for a new trial in the court below. The grounds of the motions were the same, to wit, that the judgment was contrary (1) to the law, (2) to the evidence, and (3) to the findings of the jury, except that in his motion appellant Barnwell set up certain "newly discovered" (as he alleged) evidence as an additional ground for granting it. By force of the statute (Acts 1913, art. 1612, Vernon's Statutes), and rule 24 for the government of this court (142 S. W. xii), the grounds set up in the motions constituted the assignments of error on appeal. Appellants have ignored this in presenting the cause, and in their briefs, instead of confining their complaint against the judgment to the grounds specified in the motions, seek a reversal of it on other grounds. Indeed, the grounds specified in the motions are not presented on the appeal otherwise than in the tenth assignment in the brief, as follows:

"The court erred in overruling appellant J. S. Barnwell's motion for a new trial, because said judgment as entered is contrary to the law and against the evidence and the findings of the jury and on account of newly discovered evidence."

This assignment is not followed by propositions as contemplated by rule 30 (142 S. W. xiii), and, plainly, is multifarious. Hemphill v. National Iron & Steel Co., 142 S. W. 845; Chambers v. Wyatt, 151 S. W. 867; Ry. Co. v. McDuffey, 50 Tex. Civ. App. 202, 109 S. W. 1108; Deutschmann v. Ryan, 148 S. W. 1141; Williamson v. Powell, 140 S. W. 361; Browder v. School District, 172 S. W. 152.

As none of the assignments in the briefs are entitled to be considered, it must be said that appellants have failed to show error in the judgment. Therefore it is affirmed.